[Civ. No. 7126.   Fourth Dist.   Aug. 29, 1963.]

GEORGE G. POPE, Plaintiff and Appellant, v. COUNTY OF RIVERSIDE, Defendant and Respondent.

*Assigned by Chairman of Judicial Council.

Carroll & Anderson and Thomas T. Anderson for Plaintiff and Appellant.

Thompson & Colegate and Don C. Brown for Defendant and Respondent.

COUGHLIN, J.—This is an appeal from an order denying a petition, pursuant to section 716 of the Government Code, for permission to file a claim for damages against a county after expiration of the time specified therefor by section 715 of that code.

Pertinent parts of section 716 provide:

''The superior court of the county in which the local public entity has its principal office shall grant leave to present a claim after the expiration of the time specified in section 715 if the entity against which the claim is made will not be unduly prejudiced thereby, where no claim was presented during such time and where:

'' . . . . . . . . . . . . .

'' (b) Claimant was physically or mentally incapacitated during all of such time and by reason of such disability failed to present a claim during such time; . . .

'' . . . . . . . . . . . . .

''Application for such leave must be made by verified petition showing the reason for the delay. . . . A copy of the petition and the proposed claim and a written notice of the time and place of hearing thereof shall be served on the clerk or secretary or governing body of the local public entity not less than 10 days before such hearing. . . .''

The petitioner in this proceeding, referred to herein as

"plaintiff," attached to his petition a proposed claim for damages against the County of Riverside, referred to as "defendant," on account of injuries sustained by him in an automobile collision which had occurred on May 15, 1961, at an intersection of two county roads; stated in his proposed claim that the collision was caused by the negligence of the county in the construction of the subject roads, in failing to erect stop signs, and also in failing to control the brush and debris adjacent to the intersection; and demanded damages in the sum of $35,000. The petition was filed December 5, 1961. Also attached thereto were two declarations made under penalty of perjury. In one of these, the plaintiff stated, in substance, that he had been hospitalized for two weeks following the collision which resulted in his injury; was unable to return to work until August 15, 1961; continued to suffer from the effects of that injury; and during all of the times mentioned therein "was physically and mentally incapacitated, and by reason of such incapacitation failed to present his claim under the provisions of Government Code section 715." In the other declaration, a medical doctor expressed his opinion that from May 15, 1961, to and through September 15, 1961, the plaintiff was physically and mentally incapacitated and by reason of such disability was unable to present his claim within the required time.

At a hearing upon the petition, the statements contained in the declarations heretofore noted were supplemented by oral testimony of a highway patrolman, and of the medical doctor whose declaration had been attached thereto.

Following this hearing the matter was submitted for decision; the petition was denied; and the plaintiff appeals.

Basic to the plaintiff's contentions on appeal is the premise that the evidence establishes as a matter of law that he was physically or mentally incapacitated during the time specified in section 715 for the presentation of claims against a county, i.e., 100 days following accrual of the cause of action, and by reason of such disability failed to present his claim during said time.

To establish a fact as a matter of law the state of the evidence must be such that no other conclusion is legally deducible therefrom. (*McBride* v. *Atchison, Topeka & S. F. Ry. Co.*, 44 Cal.2d 113, 116 [279 P.2d 966]; *Gray* v. *Brinkerhoff*, 41 Cal.2d 180, 183 [258 P.2d 834]; *Estate of Lances*, 216 Cal. 397, 409 [14 P.2d 768].) Where the evidence relied upon to establish a fact conflicts with other evidence,

bears conflicting interpretations, may be the basis for conflicting inferences, or may be disbelieved because, although without conflict, there is a rational ground for doing so, the issue presented may not be determined as a matter of law. (*Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868] ; *Coutts* v. *Grant,* 184 Cal.App.2d 255, 256 [7 Cal.Rptr. 431] ; *Shields* v. *Shields,* 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129].)

In the instant proceeding, there is evidence which justified the trial court's rejection of the doctor's opinion that the plaintiff was physically and mentally incapacitated during the time within which he was required to file his claim, and for this reason was unable to do so. The plaintiff was not seen, interviewed or examined by the doctor until November 3, 1961; was unconscious for about an hour after the accident; was hospitalized forthwith; was conscious, alert, and cooperative when admitted to the hospital; was interviewed by and gave an account of the accident to a traffic officer; had no fainting spells, blackouts, or other periods of unconsciousness during his stay therein; was discharged therefrom within two weeks; returned to work during the first part of August 1961; in a written questionnaire submitted to him by the doctor who testified on his behalf, which posed the question: ''Is it always hard for you to make up your mind,'' he answered: ''No, it isn't,'' and to the further question therein: ''Do you wish you always had someone at your side to advise you,'' he answered: ''No''; did not show any amnesia symptoms; had the ability to ''go downtown and buy groceries''; saw a neurosurgeon at the suggestion of the doctor who made the examination on November 3d, and gave the neurosurgeon a history comparatively similar to that previously given the doctor; and was seen by two other doctors who, as well as the neurosurgeon, did not testify.

The opinion of the plaintiff respecting his ability in the premises was less trustworthy than that given by the doctor, as his declaration contained no statement of facts which would justify the conclusion expressed.

Under these circumstances, the trial court was entitled to reject these opinions; to conclude that the evidence did not justify a finding in support of the plaintiff's contention of mental or physical incapacity; and to find affirmatively that he was mentally and physically capable of filing a claim during the required period.

In some of his contentions on appeal the plaintiff attacks the applicability of the subject claim statute to his

case, and also its constitutionality. However, these contentions are immaterial to the proceedings at hand. The plaintiff asked the court for permission to file a claim; in seeking such permission relied on the statute; has not filed a claim; is not now suing on the alleged cause of action referred to in his proposed claim; and, therefore, is not in a position to question the applicability or constitutionality of the time requirements of that statute.

The order is affirmed.

Griffin, P. J., and Stone, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.