[Civ. No. 328. Fifth Dist. May 8, 1964.]

MARY A. MANQUERO, Plaintiff and Appellant, v. TUR-
LOCK JOINT UNION HIGH SCHOOL DISTRICT
OF STANISLAUS AND MERCED COUNTIES, De-
fendant and Respondent.

Suren Toomajian and John Paul Jones for Plaintiff and
Appellant.

Mayall, Hurley, Knutsen & Smith and Alan E. Smith for
Defendant and Respondent.

STONE, J.—This is an appeal from an order denying plaintiff's petition to present a claim against Turlock Joint Union High School District after the statutory period of 100 days had expired, but before the expiration of one year from the date of the accident.

On October 30, 1962, plaintiff was a passenger in a vehicle driven by defendant Florentino Serrana, that collided with a Turlock School District bus which was parked on the paved portion of the highway in a heavy fog. Both the driver of the automobile and the operator of the school bus were cited for violations of the Vehicle Code.

Plaintiff suffered injuries, the most serious being a severed tendon in her right ring finger. Orthopedic surgery became necessary after ''conservative treatment'' failed to bring the proper results. A tendon transplant was performed December 9, 1962, and plaintiff was hospitalized for a period of three days. The tendon graft failed to heal, and plaintiff was again hospitalized, this time from February 4, 1963, through February 9, 1963, for a bone fusion of the finger. It was during this period that the 100th day after the injury elapsed. However, before a year elapsed, plaintiff filed an action in the superior court seeking leave to file a late claim pursuant to former Government Code section 716.

Section 716 provided that leave to file a claim with a public agency after 100 days was contingent upon, first, whether the entity against which the claim was presented had been unduly prejudiced by the delay and, second, whether under subdivision (b) ''Claimant was physically or mentally incapacitated during all of such time and by reason of such disability failed to present a claim during such time.''

The trial court decided the matter according to the requirements delineated in former section 716, and held that plaintiff had not been physically or mentally incapacitated within the purview of subdivision (b). The ruling of the trial court accords with the holding of *Pope* v. *County of Riverside,* 219 Cal.App.2d 649 [33 Cal.Rptr. 491] decided upon comparable facts.

We need not concern ourselves with whether, as urged by plaintiff, the court might have interpreted the code section more liberally in view of the underlying principles expressed in *Thompson* v. *County of Fresno,* 59 Cal.2d 686 [31 Cal. Rptr. 44, 381 P.2d 924] ; *Gonzales* v. *County of Merced,* 214 Cal.App.2d 761 [29 Cal.Rptr. 675] ; and *O'Brien* v. *City of Santa Monica,* 220 Cal.App.2d 67 [33 Cal.Rptr. 770] be-

cause in 1963 the Legislature amended the statutes regulating notice to public entities of claims against them. Section 716 was reenacted as section 912 of Government Code and amended to provide that leave should be granted to file a claim after the expiration of 100 days in the event that: "(b) ... (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity against which the claim is made establishes that it would be prejudiced if leave to present the claim were granted; ..."

 We believe plaintiff comes within the wording of the foregoing language. In the first place, the school district had full knowledge of the accident. In fact, the school principal called plaintiff and suggested that she interview the school district's insurance adjuster or insurance broker about the accident. This suggestion was made to plaintiff before the 100-day period within which to file a claim had elapsed. Clearly, defendant school district had full knowledge of the accident and that plaintiff had been injured, so it was in no way prejudiced by the failure of plaintiff to file the claim. The trial court was satisfied of this, as is evidenced by the following note appended to its order denying plaintiff's petition: "The Court makes this decision most reluctantly; and feels that the present law requiring the filing of a claim against a public entity serves no good purpose, at least when actual notice to the entity is shown, as in this case; ..."

Secondly, plaintiff comes within subdivision (b)(1) by reason of the language, "mistake, inadvertence, surprise or excusable neglect." Plaintiff, of Mexican descent, has a limited education and the adjuster for the driver's insurance carrier prevailed upon her not to discuss the accident with the insurance broker or adjuster for the school district. He told her that he would take care of everything; plaintiff believed him and relied upon his representations.

It may be argued, however, that section 912 is not applicable since plaintiff filed her action in the superior court on June 21, 1963, and the provisions of Government Code section 912 did not become effective until September 20, 1963. Yet the provisions of Government Code section 912 were enacted as part of chapter 1715, Statutes of 1963, and section 152 thereof makes provision for causes of action which accrued prior to the effective date of the act. It is true that subdivision (b) provides that nothing in the act revives or reinstates any cause of action that on the effective date of the

act is barred either by failure to comply with any applicable statute, charter or ordinance requiring the presentation of a claim or by failure to commence an action thereon within the period prescribed by an applicable statute of limitations. On the other hand, subdivision (c) provides: ''Subject to subdivision (b), where a cause of action accrued prior to the effective date of this act and a claim thereon has not been presented prior to the effective date of this act, a claim shall be presented in compliance with this act, and for the purposes of this act such cause of action shall be deemed to have accrued on the effective date of this act.''

Plaintiff filed her action seeking leave to file the claim before the one-year statute of limitations expired, and the action was pending in this court at the time Government Code section 912 became effective. Therefore, in light of subdivision (c) of section 152, chapter 1715 of Statutes of 1963, we believe this court should determine plaintiff's right to file a claim according to the provisions of Government Code section 912, and not former Government Code section 716. The circumstances heretofore related, surrounding plaintiff's failure to file her claim with the trustees of the school district within 100 days after the accident, demonstrate that the failure was due to her mistake, inadvertence and excusable neglect. We hold that she is entitled to file her claim with defendant school district pursuant to chapter 1715 of the Statutes of 1963.

Furthermore, Government Code section 911.4 provides: ''When a claim that is required by section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim. The application shall be presented to the public entity as provided in article 2 (commencing with section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application.''

When this section is read in conjunction with subdivision (c) of section 152, it appears that since plaintiff filed this action and prevented the statute of limitations from running against her claim, she may file a written application with the school board for leave to present her claim any time up to September 20, 1964.

One other aspect of the question whether this court should

apply the 1963 statute, must be considered. Although the 1963 statute was enacted before the judgment was entered in the trial court, the referendum provisions of the state Constitution prevented its becoming effective until this appeal was taken. The question may be raised, therefore, whether this court is precluded from deciding this appeal according to the 1963 statute which is now in effect.

It is said that generally an appeal will be determined according to the correctness of the order or judgment as of the time of its rendition, and an appeal therefrom ordinarily cannot be predicated upon any matter occurring subsequent to the rendition of the judgment. (4 Cal.Jur.2d, Appeal & Error, § 641, p. 528; 3 Witkin, Cal. Procedure, Appeal, § 74, p. 2231; *People's Home Sav. Bank* v. *Sadler,* 1 Cal.App. 189 [81 P. 1029].) However, when there is a change in the applicable law during pendency of an appeal this rule appears to be somewhat less than definitive. In *Tulare Irr. Dist.* v. *Lindsay-Strathmore Irr. Dist.,* 3 Cal.2d 489 [45 P.2d 972], the Supreme Court recognized the uncertainties in the rule and commented, at page 527, that: ''The effect, on an appealed case, of a change in the law pending the appeal, has given rise to many diverse and some conflicting decisions. Aside from questions presented when rights are vested in reliance on the lower court's decision, and aside from questions presented where the new statute expressly states whether it is or is not to apply retrospectively, questions which are not here presented, on the main question as to whether the cause should be disposed of according to the law in effect at the time judgment was rendered, or to the law in effect at the time the cause is disposed of on appeal, there is a sharp diversion of authority. [Citations.] California, apparently, has cases both ways. In *Hancock* v. *Thom,* 46 Cal. 43, and in *D. I. Nofziger Lumber Co.* v. *Waters,* 10 Cal.App. 89 [101 P. 38], without adequate discussion, it was held that the law in effect at the time the judgment was rendered by the lower court was controlling, while in *First National Bank* v. *Henderson,* 101 Cal. 307 [35 P. 899], it was held that the appellate court must dispose of the case in accordance with the law existing at the time of its own decision. (See, also, 2 Cal.Jur., p. 806, § 474; 2 Cal.Jur., p. 972, § 572.) Whether these cases are in conflict or can be reconciled, and what the better rule may be in cases of appeals generally need not now be decided.''

The Supreme Court went on to hold that regardless of

what the correct rule may be as to appeals generally, there is no question that legislation enacted during the pendency of an appeal must be considered in an injunction matter since the decree operates wholly *in futuro*.

In a much later case, *Complete Service Bureau* v. *San Diego Medical Soc.*, 43 Cal.2d 201 [272 P.2d 497], the Supreme Court again had before it the question whether an appellate court should consider legislation enacted during the pendency of an appeal from the trial court. That case, too, concerned an injunction, but the Supreme Court quoted a portion of the *Tulare Irr. Dist.* opinion, *supra*, which considered the question unsettled as to appeals in general. It appears that rather than attempt a comprehensive rule governing consideration of changes in applicable law during pendency of an appeal, the Supreme Court has left the question to be determined by inclusion and exclusion according to the circumstances in particular cases. We believe the circumstances of this case warrant a consideration of the 1963 statute which became effective while this appeal was pending.

In *International Assn. etc. Workers* v. *Landowitz*, 20 Cal.2d 418, the Supreme Court held, at page 423 [126 P.2d 609]: "It is true that ordinarily an appellate court will review the action of the trial court as of the time when it was rendered, but where matters of which the court has judicial knowledge occur subsequent to the trial court's action and have the effect of destroying the basis for the plaintiff's cause of action, it has been held that the appellate court may dispose of the case upon those grounds. [Citations.]"

■ Conversely, when legislation is enacted that may be construed as preserving rather than defeating a plaintiff's remedy, it seems reasonable that an appellate court should be free to consider such changed circumstances. Certainly it should do so when, as here, the legislation was enacted prior to judgment in the trial court even though it became effective after rendition of the judgment.

■ The Legislature has manifested an intent to protect persons having claims against a governmental agency that arose prior to the enactment of section 152 of chapter 1715, Statutes of 1963, provided such claims were not tolled by a statute of limitations. Therefore we conclude that this court should follow the legislative guidelines by applying the principles delineated in Government Code section 912 that became effective during pendency of the appeal.

The United States Supreme Court reasoned similarly in its

per curiam opinion in *United States* v. *Alabama,* 362 U.S. 602 [80 S.Ct. 924, 4 L.Ed.2d 982]. The court held, at page 604 [4 L.Ed.2d at pp. 983-984] : "Shortly before the case was heard in this Court on May 2, 1960, Congress passed the Civil Rights Act of 1960. The bill was signed by the President on May 6, 1960, and has now become law. Act of May 6, 1960. 74 Stat. 86. Among other things § 601(b) of that Act amends 42 U.S.C. § 1971(c), 42 U.S.C.A. § 1971(c) by expressly authorizing actions such as this to be brought against a State. Under familiar principles, the case must be decided on the basis of law now controlling, and the provisions of § 601(b) are applicable to this litigation."

Therefore, since (1) the statute is remedial as evidenced by the savings clause broadening the right of a claimant injured prior to the enactment, (2) the statute in nowise changes the rights of the parties insofar as the facts surrounding the happening of the accident are concerned, and (3) defendant district had notice of the happening of the accident, we conclude that plaintiff has a right to file a delayed claim with defendant school district pursuant to the provisions of chapter 1715, Statutes of 1963, section 152.

The judgment is reversed.

Conley, P. J., and Brown (R. M.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 1, 1964.