[Civ. No. 11032. Third Dist. Mar. 2, 1966.]

LAURA HOBBS, Plaintiff and Appellant, v. NORTH-EAST SACRAMENTO COUNTY SANITATION DISTRICT et al., Defendants and Respondents.

Robert C. Cook for Plaintiff and Appellant.

McLaughlin, Russell, McCarthy & Kaelin and Edward L. McCarthy for Defendants and Respondents.

PIERCE, P. J.—The superior court denied petitioner's petition for a peremptory writ of mandate seeking to compel respondent political agencies to consider her claim presented

on an alleged cause of action for the wrongful death of her husband. The writ was denied and petitioner appeals.

The death upon which the claim was based occurred November 1, 1962. A claims statute in effect at the time (Stats. 1959, ch. 1724) included two sections covering the time within which death claims against public agencies such as respondents must be filed: Government Code section 715, requiring such claims to be filed "not later than the one hundredth day after the accrual of the cause of action"; and section 716, providing that the superior court shall grant leave to present a claim after the time specified in section 715 "if the entity against which the claim is made will not be unduly prejudiced thereby" where "all of such time" claimant was under specified disabilities, including physical or mental incapacity. By the terms of section 716 the petition must be filed within a reasonable time, "not to exceed one year, after the time specified in section 715 has expired."

No claim was filed by petitioner with respondents during the 100 days specified in section 715. On September 27, 1963, however, within the time limit of section 716, if that section was applicable, a claim *was* filed.

In the meantime, on September 20, 1963, chapter 1715, Statutes of 1963, had taken effect. Under the provisions of Government Code section 912 of that statute (superseding section 716) the causes for filing "late" claims as set forth in former section 716 were broadened. The former provisions (reworded to some extent) were retained but there was added relief from the "failure to present the claim [within 100 days] ... through mistake, inadvertence, surprise or excusable neglect unless the public entity against which the claim is made establishes that it would be prejudiced if leave to present the claim were granted."

The claim presented by petitioner contained declarations bringing petitioner both within the terms of former section 716, to wit: "physical and mental incapacity," and also within the new section 912, to wit: "mistake, . . . ." Applicability of the latter section was alleged.

On October 2, 1963, respondents denied petitioner's claim. On October 3, 1963, petitioner filed these proceedings in mandamus. On October 31, 1963, she filed her separate complaint in the superior court against respondents on her cause of action for wrongful death.

On June 12, 1964, judgment in this mandamus proceeding denying the writ was filed. This judgment contained findings, including the statement` ''That Petitioner's failure to file a claim within one hundred days from the death of her husband was due to excusable mistake and that Respondents were not prejudiced thereby.'' It also found, however, that her failure to file a claim within 100 days was not due to mental incapacity, that petitioner had failed to comply with the provisions of section 715 of the Government Code and that petitioner's failure to comply with that section barred the action. Another finding, in the nature of a conclusion, was that the 1963 legislation did not ''revive'' the cause of action.

The accuracy of that conclusion is the sole question on this appeal. Respondents do not challenge the trial court's finding that ''excusable mistake'' unprejudicial to the public agencies existed. Therefore, if the 1963 legislation is applicable, petitioner was entitled to the relief prayed for.

The answer to the question of the applicability of the 1963 legislation depends upon the proper interpretation to be given section 152 of the enactment. (Stats. 1963, ch. 1715, p. 3424.) The section provides in material part as follows:

''(a) This act applies to all causes of action heretofore or hereafter accruing.

''(b) Nothing in this act revives or reinstates any cause of action that, on the effective date of this act, is barred either by failure to comply with any applicable statute, charter or ordinance requiring the presentation of a claim or by failure to commence an action thereon within the period prescribed by an applicable statute of limitations.

''(c) Subject to subdivision (b), where a cause of action accrued prior to the effective date of this act and a claim thereon has not been presented prior to the effective date of this act, a claim shall be presented in compliance with this act, and for the purposes of this act such cause of action shall be deemed to have accrued on the effective date of this act.''

This section has already been interpreted in *Manquero* v. *Turlock etc. School Dist.* (1964) 227 Cal.App.2d 131 [38 Cal. Rptr. 470] (hearing by Supreme Court denied). That case held that where a cause of action against a public agency arose after the 1959 act but before the 1963 legislation an action filed within one year after the cause of action arose was not barred, even though no claim had been presented within 100 days: this because the late presentation provisions of section

912 superseding section 716 were applicable, i.e., because mistake, inadvertence and excusable neglect existed (and the public-agency defendants were not unduly prejudiced).

The *Manquero* decision, *supra,* not final and not yet published when the superior court announced its decision in the case at bench, has facts which respondents concede are indistinguishable from the facts here. But, urge respondents, ''It appears to us . . . that the judges in the *Manquero* case missed the obvious point,'' and the ''missed point'' they deem obvious is that subdivision (c) of section 152 is expressly made subject to subdivision (b). It is subdivision (b) which respondents rely upon as a bar to applicability of the 1963 law, a bar to the late presentation of the claim and a bar to petitioner's cause of action.

But the *Manquero* opinion (per Justice Stone) did not overlook subdivision (b). The court (on pp. 133-134 of 227 Cal. App.2d) quotes both subdivisions (b) and (c) in full and states that ''It is true'' that the former subdivision provides that actions already barred either by failure to comply with a claims statute or a statute of limitations are not revived and recognized that the provisions of subdivision (c) are ''Subject to subdivision (b).'' Its holding, however, is clear. The court states on page 134: ''Plaintiff filed her action seeking leave to file the claim before the one-year statute of limitations expired, and the action was pending in this court at the time Government Code section 912 became effective. Therefore, in light of subdivision (c) of section 152, chapter 1715 of Statutes of 1963, we believe this court should determine plaintiff's right to file a claim according to the provisions of Government Code section 912, and not former Government Code section 716. The circumstances heretofore related, surrounding plaintiff's failure to file her claim with the trustees of the school district within 100 days after the accident, demonstrate that the failure was due to her mistake, inadvertence and excusable neglect. We hold that she is entitled to file her claim with defendant school district pursuant to chapter 1715 of the Statutes of 1963.

''Furthermore, Government Code section 911.4 provides: 'When a claim that is required by section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to pre-

sent such claim. The application shall be presented to the public entity as provided in article 2 (commencing with section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application.'

"When this section is read in conjunction with subdivision (c) of section 152, it appears that since plaintiff filed this action and prevented the statute of limitations from running against her claim, she may file a written application with the school board for leave to present her claim any time up to September 20, 1964."

To the weight which the quoted decision has as stare decisis must be added the weight of the denial of a hearing by our Supreme Court. (See *DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865].) Moreover, respondents have not convinced us that the court's reasoning in *Manquero* is unsound. Prior to September 20, 1963, the effective date of the 1963 legislation, petitioner's cause of action had not been barred by any statute of limitations, and although no claim had been filed, it was not too late to present a claim. A possibly applicable claims statute, section 716, gave her a year plus 100 days if she could establish facts sufficient to bring herself within its terms. True, it might have been determined by the public agency that the claim should be disallowed, whether for a failure of showing of incapacity or for a failure of a showing of the agency's liability or because the agency had been prejudiced by the delay. But the right to *present* the claim had not been barred, and before the right was barred the 1963 law became effective. What then happened was *not* a "revival" of a "barred" right under subdivision (b) but a bringing into operation of the provisions of subdivision (c) which expressly permit the presentation of a claim where none has been previously presented.

The 1963 legislation is remedial and should be liberally construed. Both the courts and Legislature have recognized that the labyrinth of claims statutes previously scattered throughout our statutes were traps for the unwary. (*Stewart* v. *McCollister,* 37 Cal.2d 203, 207 [231 P.2d 48] ; see also 2 Cal. Law Revision Com., Rep., Rec. & Studies, Presentation of Claims, A-21.) An attempt has been made by the Legislature to remove such snares. Courts should not rebuild them by a too narrow interpretation of the new enactments. The signifi-

cant finding of the trial court in the instant case seems to us to be that the public agency has not been prejudiced. Petitioner's complaint should be heard on its merits.

The judgment is reversed.

Regan, J., and Good, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.