[Civ. No. 23474.   First Dist., Div. One.   Feb. 28, 1967.]

JEANETTE CHURCH, Plaintiff and Respondent, v. COUNTY OF HUMBOLDT, Defendant and Appellant.

Hill & Hill, Hill, Janssen, Corbett & Dunaway and Victor M. Corbett for Defendant and Appellant.

Miller, Starr & Regalia, Richard A. Hodge and Edmund L. Regalia for Plaintiff and Respondent.

ELKINGTON, J. — Jeanette Church, respondent, called plaintiff and petitioner in the proceedings below, filed a petition under the California Tort Claims Act of 1963 (Gov. Code, § 900 et seq.),[1] seeking relief from the rejection by the County of Humboldt, defendant and appellant, of a tardily filed claim for injuries. From an order dated October 1, 1965, granting such relief, County of Humboldt appeals.

We have concluded that the order appealed from is not appealable. Plaintiff's late claim petition was filed February 11, 1965, pursuant to Government Code section 912. At that time the act provided that if such a petition be granted, the claim must be refiled, or at least be reconsidered, by the pertinent political entity to be allowed or again rejected. As of September 17, 1965, section 912 was repealed and section 946.6 became effective. Section 946.6 eliminated the requirement, upon the granting of the petition, for reconsideration by

---

[1] All statutory references herein are to the Government Code.

the political entity. Instead the petitioner was required to file suit, in the same court, "on the cause of action to which the claim relates . . . within 30 days thereafter."

The enactment of section 946.6 in place of the former section 912 was clearly for remedial and procedural purposes. ▇ A statute affecting procedure or providing a new remedy for the enforcement of existing rights is properly applicable to actions pending when the statute becomes effective. (*Sour* v. *Superior Court*, 1 Cal.2d 542, 544-545 [36 P.2d 373]; *Olivas* v. *Weiner*, 127 Cal.App.2d 597, 599 [274 P.2d 476]; *National Auto. & Cas. Ins. Co.* v. *Downey*, 98 Cal.App.2d 586, 590 [220 P.2d 962]; *California Employment Stabilization Com.* v. *Smileage Co.*, 68 Cal.App.2d 249, 252 [156 P.2d 454]; *Arques* v. *National Superior Co.*, 67 Cal.App.2d 763, 778 [155 P.2d 643].) Accordingly, as is contended by plaintiff Church, section 946.6 is applicable, at least as to the herein appealed-from order, which was entered after that section's effective date.

The California Tort Claims Act is silent on whether judicial *denial* of a late claim petition is an appealable order. However, since such a denial manifestly constitutes a final determination of a claimant's rights it would appear to be appealable. (E.g., *Thompson* v. *County of Fresno*, 59 Cal.2d 686, 687 [31 Cal. Rptr. 44, 381 P.2d 924]; *Pope* v. *County of Riverside*, 219 Cal. App.2d 649, 650 [33 Cal.Rptr. 491]; Van Alstyne, California Government Tort Liability (Cont. Ed. Bar 1964), § 8.37, p. 395.)

▇ On the other hand a court ruling *allowing* relief from the untimely filing of a claim which results in a requirement that an action on the claim be filed in the same court within 30 days, is nothing more than a prelude to further proceedings.[2] It must therefore be regarded as interlocutory in nature, and not appealable. (See Van Alstyne, *supra*, § 8.37, p. 395.)

▇ Ordinarily a judgment or order which determines the merits of a controversy, or the rights of the parties, and leaves nothing for future determination or consideration, is final and appealable. It is not final and appealable unless it does these things. Where anything further in the nature of judicial action on the part of the court is necessary to a final deter-

---

[2]Here plaintiff, after the granting of the appealed-from order, did file her action on the claim in the same court. It might be noted that her complaint was given the same number and carried in the same file and records as the earlier late claim proceedings.

mination of the rights of the parties, no appeal lies from such an interlocutory order. (*Meehan* v. *Hopps,* 45 Cal.2d 213, 216-217 [288 P.2d 267]; *In re Los Angeles County Pioneer Soc.,* 40 Cal.2d 852, 858 [257 P.2d 1]; *Lacey* v. *Bertone,* 33 Cal.2d 649, 653 [203 P.2d 755]; *Bakewell* v. *Bakewell,* 21 Cal.2d 224, 227 [130 P.2d 975]; *Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11]; *Maier Brewing Co.* v. *Pacific Nat. Fire Ins. Co.,* 194 Cal.App.2d 494, 497-498 [15 Cal.Rptr. 177]; *Shirley* v. *Cook,* 119 Cal.App.2d 220, 222 [259 P.2d 25]; 3 Witkin, Cal. Procedure (1954), Appeal, § 15, p. 2157.)

We take notice of *O'Brien* v. *City of Santa Monica* (1963) 220 Cal.App.2d 67 [33 Cal.Rptr. 770] and *Gonzales* v. *County of Merced* (1963) 214 Cal.App.2d 761 [29 Cal.Rptr. 675] where appeals were allowed from orders granting relief from nontimely filing of such claims for injuries. In each of these cases the question of appealability was neither raised nor discussed. The relief granted was pursuant to sections 715 and 716 of the Government Code, now repealed and part of a predecessor statute to the California Tort Claims Act of 1963. Sections 715 and 716 provided, as did section 912 later, that upon the granting of the requested relief, the claimant must again present his claim to the applicable public entity. Such entity might then approve in whole or part or again reject. If approved the matter would of course be ended and a court action would never be filed. Such a procedure seems to fall into the category of a "special proceeding"[3] which does not necessarily have any relation to a later action. A final order in such a proceeding would be appealable. (Code Civ. Proc., § 963.)

Since the obvious purpose of the Legislature in repealing section 912 and enacting section 946.6 was to expedite late claim proceedings against governmental entities, it would seem contrary to the intent of the Legislature that an order granting relief thereunder be appealable. Such an order does not decide any issues nor does it compel payment of money or the performance of any act. An appeal therefrom would tend to delay and defeat the purpose of the statute. (See

---

[3] A special proceeding has reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief. And, generally speaking, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity. (Code Civ. Proc., § 23; *Tide Water Associated Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 822 [279 P.2d 35]; *Oak Grove School Dist.* v. *City Title Ins. Co.,* 217 Cal.App.2d 678, 710 [32 Cal.Rptr. 288].)

*Jardine-Matheson Co., Ltd.* v. *Pacific Orient Co.*, 100 Cal.App. 572, 576 [280 P. 697]; 3 Witkin, Cal. Procedure (1954) Appeal, § 16, p. 2159.)

The appeal from the ruling and order of the lower court is accordingly dismissed.

Molinari, P. J., and Sims, J., concurred.