[Civ. No. 50603. Second Dist., Div. Three. Aug. 4, 1977.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
NORTHROP INSTITUTE OF TECHNOLOGY,
Real Party in Interest.

**COUNSEL**

Burt Pines, City Attorney, Lawrence M. Nagin, Senior Assistant City Attorney, and James L. Spitser, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

John J. Schimmenti for Real Party in Interest.

**OPINION**

**COBEY, J.**—The fundamental issue posed by this mandamus proceeding to compel the sustaining of a general demurrer of petitioner, the City of Los Angeles, to the third cause of action of the second amended complaint of the real party in interest, Northrop Institute of Technology, is whether the recently enacted Government Code section 905.1, eliminating the claim-filing requirement as a precondition to the

maintenance of an inverse condemnation action against a public entity, may be applied to a pending inverse condemnation action. We decide that it may for reasons hereafter indicated.

We issued the order to show cause in this case because, according to petitioner, there are 21 other similar cases pending in the Superior Court of Los Angeles County involving substantial claims of damage from the operation of jet aircraft at the Los Angeles International Airport in which this issue will arise[1] and, therefore, prompt authoritative determination of it is required.[2] (See *Babb* v. *Superior Court,* 3 Cal.3d 841, 850-851 [92 Cal.Rptr. 179, 479 P.2d 379]; *Vasquez* v. *Superior Court,* 4 Cal.3d 800, 806-807 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513].)

## FACTS

Northrop's nuisance and inverse condemnation claim against the city was filed May 14, 1973.[3] Its complaint on these grounds was filed June 28, 1973. As subsequently amended Northrop alleged in this complaint, in effect, that under Government Code section 901 its cause of action in inverse condemnation accrued on May 15, 1972—that is, that the city's taking sued upon occurred on that date.[4]

The actual date of the city's taking was one of the legal issues scheduled for trial on January 24, 1977. The city expected then, by testimony used with some success in certain prior similar cases, to prove that the noise, smoke and vibration emanating from the airport became stabilized by at least December 1971 (see *Pierpont Inn, Inc.* v. *State of California,* 70 Cal.2d 282, 292 [74 Cal.Rptr. 521, 449 P.2d 737]; *Aaron* v. *City of Los Angeles,* 40 Cal.App.3d 471, 492) and also that by that time this damage was sufficiently appreciable to a reasonable person. (See *Mehl* v. *People* ex rel. *Dept. Pub. Wks.,* 13 Cal.3d 710, 717 [119 Cal.Rptr. 625, 532 P.2d 489].) According to the city, such proof would establish a taking by it not later than December 1971 and would have thereby rendered untimely Northrop's filing of its aforementioned claim since it

[1]Eighteen of these twenty-one cases have been assigned to the trial judge who made the ruling under attack here.

[2]Northrop has also requested that we take jurisdiction of this mandamus proceeding for the same reason.

[3]We are not concerned with the nuisance aspect of this case.

[4]It seems obvious that this allegation of the date of taking was dictated by the circumstance that a claim of this nature had then to be presented not later than one year after the accrual of the cause of action. (Gov. Code, § 911.2.)

would not have been filed within one year after the accrual of Northrop's cause of action. (See Gov. Code, § 911.2; *Mosesian* v. *County of Fresno,* 28 Cal.App.3d 493, 500 [104 Cal.Rptr. 655]; see also *City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

This trial of legal issues did not, however, take place. The reason for its being postponed was that in November 1976 Northrop moved for permission to amend its complaint further to take immediate advantage of the enactment of the initially mentioned section 905.1. The trial court granted permission over the opposition of the city.

Northrop then filed its second amended complaint containing, among other things, a new third cause of action. In this cause of action, the date of taking is alleged to be June 29, 1970—the date Northrop alleged elsewhere in the complaint that jet aircraft started using the new north runway of the airport and a date within the possible statutory period of limitations. (See Code Civ. Proc., § 319; *Frustuck* v. *City of Fairfax,* 212 Cal.App.2d 345, 373-374 [28 Cal.Rptr. 357]; *Mehl* v. *People* ex rel. *Dept. Pub. Wks., supra,* 13 Cal.3d at p. 717, fn. 3.) The city demurred generally to this complaint and on December 27, 1976, the trial court by implication overruled its demurrer to the third cause of action. This mandamus proceeding challenging the ruling followed.

## DISCUSSION

█ The time within which a claim must be presented to or filed with[5] a public entity constitutes a period of limitations like those periods prescribed by statute within which various types of actions must be filed. (See Code Civ. Proc., § 312 et seq.; *Myers* v. *County of Orange,* 6 Cal.App.3d 626, 636 [86 Cal.Rptr. 198].) █ A statute enlarging a period of limitations applies to pending matters where not otherwise expressly excepted. (See *Mudd* v. *McColgan,* 30 Cal.2d 463, 468 [183 P.2d 10]; *Evelyn, Inc.* v. *California Emp. Stab. Com.,* 48 Cal.2d 588, 592 [311 P.2d 500]; *Douglas Aircraft Co.* v. *Cranston,* 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298]; *Angeli* v. *Lischetti,* 58 Cal.2d 474, 475-476 [24 Cal.Rptr. 845, 374 P.2d 813]; see also *Davis & McMillan* v. *Industrial Acc. Com.,* 198 Cal. 631, 637 [246 P. 1046, 46 A.L.R. 1095].) A statute eliminating a period of limitations, such as

---

[5]Government Code section 911.2 uses the word "presented"; the section at issue, Government Code section 905.1, uses the word "filed."

section 905.1,[6] by doing away with the procedure to which the period applies should likewise apply to pending matters where not otherwise expressly excepted and we so hold.

The city challenges the applicability of the foregoing decisional law on the ground that this principle applies only to "matters not already barred" (e.g. *Mudd* v. *McColgan, supra,* 30 Cal.2d at p. 468; *Evelyn, Inc.* v. *California Emp. Stab. Com., supra,* 48 Cal.2d at p. 592) and that this matter was so barred long before the remedial and procedural statute at issue, the aforementioned Government Code section 905.1, took effect on January 1, 1977. (See Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) We do not agree that this action, then pending, was so barred. No determination was made herein that the taking sued upon occurred not later than December 1971, as the city contends, and that therefore Northrop's claim herein was untimely presented on May 14, 1973. In this connection, it must be kept in mind that Northrop originally alleged May 15, 1972, as the date of taking. As previously indicated, the actual date of taking was one of the legal issues to be resolved at the trial of such issues in January of this year.[7] That trial did not, however, occur because of the intervening amendment of Northrop's second amended complaint to add, among other things, the third cause of action here at issue.

■ In short, it was not established before January 1, 1977, that the Northrop claim, upon which its cause of action in inverse condemnation rested until that date (see *Illerbrun* v. *Conrad,* 216 Cal.App.2d 521, 524 [31 Cal.Rptr. 27]), was untimely filed. After that date, by reason of section 905.1 then taking effect, its timeliness ceased to be an issue herein because then the filing of a claim was no longer required in inverse condemnation cases.

Section 905.1 is silent respecting its application to pending litigation. Its legislative history is likewise barren upon this point. Under these

---

[6]The section (Stats. 1976, ch. 96, § 1, p. 155) reads in full:

"No claim is required to be filed to maintain an action against a public entity for taking of, or damage to, private property pursuant to Section 19 of Article I of the California Constitution.

"However, the board shall, in accordance with the provisions of this part, process any claim which is filed against a public entity for the taking of, or damage to, private property pursuant to Section 19 of Article I of the California Constitution."

[7] The difficulty of determining the date of taking in inverse condemnation cases was one of the reasons the proponents of section 905.1 gave in urging the elimination of the claim requirement in such cases. (See Statement of Reasons, 1974 Conf., Res. No. 12-1, State Bar of Cal.)

circumstances we see no reason why section 905.1 should not have been applied in this case,[8] notwithstanding the fact that the claim phase of this litigation was then long past. As previously stated, at the time that section 905.1 became effective (Jan. 1, 1977), the timeliness of Northrop's claim had not been adjudicated. As a consequence thereof this action by Northrop was then still pending. As a pending action, it became entitled to the protection of this remedial statute. (See *Church* v. *County of Humboldt,* 248 Cal.App.2d 855, 857 [57 Cal.Rptr. 79]; cf. *Manquero* v. *Turlock, etc. School Dist.,* 227 Cal.App.2d 131, 134, 137 [38 Cal.Rptr. 470]; *Hobbs* v. *Northeast Sacramento County Sanitation Dist.,* 240 Cal.App.2d 552, 556 [49 Cal.Rptr. 606].)

### DISPOSITION

The order to show cause is discharged and the petition for writ of mandate is denied.

Ford, P. J., and Allport, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 28, 1977. Richardson, J., was of the opinion that the application should be granted.

---

[8]The application was a few days premature, but the city has not challenged the use of the statute on that ground and it is clear that all involved were focusing their attention upon the issue as to whether, after January 1, 1977, the effective date of the statute at issue, it could be applied to actions then pending.