**Barbara Falgoust PAPENTHIEN, Plaintiff–Appellant,**

v.

**Michael R. PAPENTHIEN, Defendant–Appellee.**

No. 95–56802.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1997.

Decided July 25, 1997.

Thomas D. Schaefer, Lightner, Castro, Schaefer & Hunter, San Diego, CA, for plaintiff–appellant.

Janice R. Mazur, El Cajon, CA, for defendant–appellee.

Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.

FLETCHER, Circuit Judge:

Barbara Papenthien appeals the dismissal of her diversity action for personal injuries arising out of alleged acts of domestic violence by her husband in the course of a ten-year marriage. The district court dismissed the action after determining that Cal.Civ. Proc.Code § 351 (West 1982), which tolls a statute of limitations during a defendant's absence from the state, was unconstitutional as applied under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. After striking the tolling provision, the district court concluded that eight of the acts were barred by California's one-year statute of limitations for personal injury and that venue was lacking in the district court for the only remaining viable acts, which allegedly occurred in Hong Kong, on February 25, 1993, and New York City, in July 1993. We have jurisdiction, 28 U.S.C. § 1291, and we reverse on the grounds that under Cal.Civ.Proc.Code § 340.15, which became effective on January 1, 1996, appellant's claims of domestic violence within the Southern District of California are no longer time-barred.[1]

### Background

The parties married in July 1983 and separated in August 1993. A dissolution action was filed by appellant in 1993 and is currently pending in San Diego Superior Court. During most of the marriage the parties resided in Carlsbad, California. After the separation, Michael Papenthien moved to Illinois. Barbara Papenthien filed her original complaint on February 25, 1994. In it, she set forth causes of action for intentional infliction of emotional distress and assault and battery. She alleged one specific act, which purportedly occurred in Hong Kong on February 25, 1993, one year prior to filing the action.

On July 7, 1994, the district court dismissed her complaint without prejudice, finding that because defendant was not a resident of California and the only incident identified by location in the complaint was in Hong Kong, venue was improper.

On November 4, 1994, appellant filed a First Amended Complaint for damages alleging assault, battery, and intentional infliction of emotional distress. This complaint specified 13 incidents of domestic violence. Eight of the alleged 13 acts occurred in California, the last alleged incident occurred in July 1993, during a visit to New York.

On November 7, 1995, the district court dismissed the case. It held that the Cal.Civ. Proc.Code § 351 was unconstitutional as applied and that absent tolling, only two incidents alleged fell within the limitations period, one in New York, in July 1993, and one in Hong Kong, on February 25, 1993. Accordingly, it dismissed for improper venue under 28 U.S.C. § 1406(a). This appeal followed.

---

* Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1. Because appellant's claims of domestic violence within the Southern District of California are no longer time-barred, venue is now proper there as well.

## Discussion

■ We review a district court's dismissal on statute of limitations grounds de novo. *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996). A district court's interpretation of state law is reviewed under the same independent de novo standard as are questions of federal law. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ Cal.Code Civ. Proc. § 340.15 provides:

> (a) In any civil action for recovery of damages suffered as a result of domestic violence, the time for commencement of the action shall be within three years from the date of the last act of domestic violence by the defendant against the plaintiff that gave rise to the cause of action.[2]

The last act of alleged domestic violence occurred in July 1993. Appellant's First Amended Complaint relates back to the date of filing of the original complaint for purposes of compliance with the statute of limitations. Fed.R.Civ.P. 15(c)(2). *SEC v. Seaboard Corp.,* 677 F.2d 1301, 1314 (9th Cir. 1982). The original Complaint was filed on February 25, 1994, alleging an incident of domestic violence on February 25, 1993. This complaint was timely pursuant to then existing law, which prescribed a one-year statute of limitations.[3]

The district court did not have an opportunity to rule on whether or not § 340.15(a) applies because the statute became effective after the court had issued its order of dismissal, on the basis of improper venue, on November 7, 1995.[4] Appellees argue that § 340.15(a) does not apply retroactively. Because we must apply the law as it exists when we are deciding an action on appeal, this is not a case that calls for a retroactivity analysis. *See Rush v. Obledo,* 756 F.2d 713, 725 (9th Cir.1985) (remanding case for consideration under amended statutory and reg-

ulatory scheme enacted while appeal was pending); *Driscoll v. Gebert,* 458 F.2d 421, 423 (9th Cir.1972) (citing California law for the proposition that absent explicit guidance from the legislature, a statute that affects procedure or that provides a new remedy for enforcement of existing rights can properly be employed in lawsuits pending before its enactment).

■ California law permits the legislative enlargement of a limitation period to cases, like this one, that have been timely filed.

> It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted. Such legislation affects the remedy, and is applicable to matters not already barred, without retroactive effect. . . .

*Singer Co. v. County of Kings,* 46 Cal.App.3d 852, 121 Cal.Rptr. 398, 407 (1975) (internal quotation marks omitted); *see also Nelson v. Flintkote Co.,* 172 Cal.App.3d 727, 218 Cal. Rptr. 562, 565 (1985) (statute of limitations for a common-law tort is a procedural rule); *Republic Corp. v. Superior Court,* 160 Cal. App.3d 1253, 207 Cal.Rptr. 241, 243 (1984) ("A lawsuit is governed by a change in procedural rules made during its pendency, and the suit is pending until its final determination on appeal.").

Appellant's original action was filed within one year of the last act of domestic violence (July 1993) and two years before the expiration of the three-year limitation period specified by § 340.15(a). Her claims are not time-barred.[5] We therefore reverse and remand.

## Conclusion

We REVERSE the judgment and REMAND for further proceedings consistent with this opinion.

---

2. Cal.Civ.Proc.Code § 340.15(a) (West 1997). Added by 1995 Cal. Stat. ch. 602.

3. Cal.Civ.Proc.Code § 340(3) provides a one-year statute of limitations for assault, battery, and intentional infliction of emotional distress.

4. The bill was enacted on October 4, 1995, with an effective date of January 1, 1996.

5. Accordingly, we do not reach the question of whether or not Cal. Cal.Civ.Proc.Code § 351 is unconstitutional as applied.