Barbara F. PAPENTHIEN, Plaintiff,

v.

Michael R. PAPENTHIEN, Defendant.

No. Civ. 94–0291–R JAH.

United States District Court,
S.D. California.

Aug. 24, 1998.

Robert W. Jackson, Fallbrook, CA, for Plaintiff.

Robert Basie, Andrew Rosenberry, Basie & Fritz, San Diego, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RHOADES, District Judge.

### I. Overview

Defendant has filed a Motion for Summary Judgment. For the reasons stated below, the Court grants the motion.

### II. Background

Plaintiff Barbara F. Papenthien married Defendant Michael R. Papenthien in July 1983 and lived with him in Carlsbad, California. Plaintiff separated from Defendant ten years later and moved to New York, while Defendant moved to Illinois. The parties divorced in 1998.

On February 25, 1994, Plaintiff sued Defendant in this Court, claiming that Defendant had physically abused her. Plaintiff alleged state-law causes of action for assault, battery, and intentional infliction of emotional distress. Plaintiff's Complaint alleged only one specific incident: Plaintiff alleged that Defendant had attacked her in a hotel room in Hong Kong on February 25, 1993 at 1:30 a.m. Plaintiff claims that Defendant punched her, choked her, and pushed her jaw into her face so hard that he fractured her mandibular discs, causing permanent damage.

Defendant brought a motion to dismiss for improper venue. Defendant argued that because the only incident Plaintiff had alleged took place in Hong Kong, and neither party resided in California any longer, venue was improper. The Court agreed and dismissed the Complaint.

On November 4, 1994, Plaintiff filed a First Amended Complaint, alleging the same causes of action. This time, however, she alleged numerous incidents of violence. Plaintiff alleged eight incidents that took place in California *prior* to the Hong Kong incident. She also realleged the Hong Kong attack. Plaintiff further alleged an incident in New York in July 1993—several months *after* the Hong Kong incident.

Defendant brought another motion to dismiss for improper venue. Defendant argued that a one-year statute of limitations applied to Plaintiff's claims. *See* Cal.Code Civ.Proc. § 340(3). Defendant argued that because all of the incidents that took place in California happened more than one year before Plaintiff filed either her Complaint or her First Amended Complaint, Plaintiff could not predicate her lawsuit on the California incidents. Thus, Defendant argued, Plaintiff could not base venue on the California incidents.

The Court agreed. The Court held that, at most, Plaintiff had alleged only two incidents that were not time-barred: the Hong Kong attack on February 25, 1993, and the New York incident in July 1993. The Court held that venue therefore did not lie in the Southern District of California.

Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. While her appeal was pending, the California Legislature enacted a three-year statute of limitations for domestic violence claims. *See* Cal.Code Civ.Proc. § 340.15.

The Ninth Circuit reversed this Court, holding that venue was proper. To do so, the Ninth Circuit had to address the statute-of-limitations issue. This involved two distinct inquiries. First, the Ninth Circuit had to ascertain the appropriate filing date to use, i.e., the date Plaintiff filed her original Complaint, or the date she filed her First Amended Complaint. Second, the Ninth Circuit had to determine whether the old or new limitations period applied.

The Ninth Circuit first held that the relevant filing date was the date Plaintiff filed her original Complaint. The Ninth Circuit stated:

> [Plaintiff's] First Amended Complaint relates back to the date of filing of the original complaint for purposes of compliance with the statute of limitations. The

original Complaint was filed on February 25, 1994, alleging an incident of domestic violence on February 25, 1993. This complaint was timely pursuant to then existing law, which prescribed a one-year statute of limitations.

*Papenthien v. Papenthien,* 120 F.3d 1025, 1027 (9th Cir.1997) (citations and footnote omitted).

The Ninth Circuit then held that the newly-enacted three-year limitations period applied. The Ninth Circuit stated: "California law permits the legislative enlargement of a limitation period to cases, like this one, that have been timely filed." *Id.* Thus, the Ninth Circuit found that Plaintiff could predicate her case on the California incidents. Accordingly, the Ninth Circuit reversed this Court's finding of improper venue and remanded the case.

## III. Discussion

Defendant has now filed a Motion for Summary Judgment, arguing that newly-discovered evidence reveals that the case is time-barred after all. Defendant's argument has several steps.

First, Defendant tries to free himself from the constraints of the Ninth Circuit's opinion. Defendant argues that because this Court dismissed the case for improper *venue,* the Ninth Circuit's entire discussion of the *statute of limitations* was dicta. Thus, Defendant argues, the Ninth Circuit's opinion does not constitute the law of the case. *See Geldermann, Inc. v. Financial Management Consultants,* 27 F.3d 307, 312 (7th Cir.1994) (holding that dicta does not establish the law of the case); *Coca–Cola Bottling Co. v. Coca–Cola Co.,* 988 F.2d 414, 429 (3d Cir.1993) (same).

Having cast aside the Ninth Circuit's entire opinion, Defendant proceeds to the second part of his argument. Defendant argues that the Hong Kong incident occurred on February 25, 1993 at 1:30 a.m. Defendant notes that at that time, it was 8:30 a.m. on February 24 in San Diego. Defendant argues that because Plaintiff filed her original Complaint alleging only the Hong Kong incident on February 25, 1994, Plaintiff filed it one day late under then-existing law.

Third, Defendant argues that the First Amended Complaint does not relate back to the filing of the original Complaint. Defendant argues that because the original Complaint was time-barred under then-existing law, the "relation back" doctrine cannot save the First Amended Complaint. Thus, Defendant argues, the First Amended Complaint must stand on its own. Defendant then argues that because the last incident the First Amended Complaint alleges occurred in July 1993, and Plaintiff filed her First Amended Complaint in November 1994, she filed it several months late under then-existing law.

Last, Defendant argues that the newly-enacted three-year limitations period does not apply, because when Plaintiff filed both of her complaints, they were time-barred under then-existing law and therefore dead on arrival. Defendant argues that "no expansion of the statute of limitations by future legislation could resurrect the causes of action from the dead." (Mot. at 9.)

The Court will discuss each step of Defendant's argument in turn.

## A. Legal Standards Governing Summary Judgment

Under Federal Rule of Civil Procedure 56(c), the Court must grant summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the Court examines all the evidence in the light most favorable to the nonmoving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

In moving for summary judgment on an issue on which the movant bears the burden of proof at trial (e.g., when a defendant moves for summary judgment on an affirmative defense), the movant must make a strong showing.

Rule 56(c) requires the moving party to show not only the absence of a disputed

fact but also that [the moving party] is entitled to judgment as a matter of law.... Where the moving party has the burden ... [the] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.

*Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986) (emphasis removed); *see also Holeman v. Neils,* 803 F.Supp. 237, 241 (D.Ariz.1992).

Once the moving party satisfies its initial burden, then the burden shifts to the non-movant. The nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant may not "rest on mere allegations or denials of [the] pleadings." *Id.* at 259, 106 S.Ct. 2505. Rather, the nonmovant must go beyond the pleadings to designate specific facts showing that a genuine issue remains for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmovant fails to meet its burden after the moving party first meets its burden, the movant deserves judgment as a matter of law. *See id.*

### B. The Merits

#### 1. Whether The Ninth Circuit's Discussion Of The Statute Of Limitations Was Dicta

■ As an initial matter, the Court disposes of the argument that the Ninth Circuit's discussion of the statute of limitations constitutes mere dicta. Dicta are "opinion[s] expressed by a court upon some question of law which is not necessary to the decision of the case before it." 1 *Bouvier's Law Dictionary* 863 (3d ed.1914).

The Ninth Circuit devoted nary a word to the venue question as such. Rather, the Ninth Circuit discussed the statute-of-limitations issue, for the obvious reason that the statute-of-limitations issue completely controlled the venue question. Thus, the Ninth Circuit had to resolve the statute-of-limitations issue to decide the venue question.

Therefore, the Ninth Circuit's discussion of the statute of limitations was not dicta.

#### 2. Whether The Original Complaint Was Timely

Defendant next argues that new, undisputed evidence reveals that the Hong Kong incident—the only incident alleged in the original Complaint—occurred more than one year before Plaintiff filed her original Complaint. Defendant notes that Plaintiff recently testified during her deposition that the attack occurred on February 25, 1993 at 1:30 a.m. Defendant also notes that documentary evidence that emerged at Plaintiff's deposition establishes that the attack occurred at 1:30 a.m. The parties recently stipulated that the Hong Kong incident occurred on February 25 at 1:30 a.m.

Before the Court can reach the merits of Defendant's argument, it must determine whether it even has authority to consider it in light of the Ninth Circuit's holding that Plaintiff timely filed her original Complaint.

#### a. Whether The Court May Consider Whether Plaintiff Timely Filed Her Complaint

■ Under the "law-of-the-case" doctrine, "[w]hen matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court." *Insurance Group Comm. v. Denver & Rio Grande W.R.R.,* 329 U.S. 607, 612, 67 S.Ct. 583, 91 L.Ed. 547 (1947); *see also Feldman v. Henman,* 815 F.2d 1318, 1321 (9th Cir.1987) (holding that "a district court *cannot* entertain ... a petition by a party which in effect seeks to undo [the court of appeals'] resolution of a matter ... fully and fairly adjudicated by it"). "The doctrine of the law of the case 'encompasses a court's explicit decisions as well as those issues decided by necessary implications.'" *Eichman v. Fotomat Corp.,* 880 F.2d 149, 158 (9th Cir.1989) (quoting *Williamsburg Wax Museum v. Historic Figures, Inc.,* 810 F.2d 243, 250 (D.C.Cir.1987)).

■ Nevertheless, several exceptions exist to the law-of-the-case doctrine. One exception is if "the evidence on remand is substantially different." *Id.; see also Hagood v.*

*Sonoma County Water Agency,* 81 F.3d 1465, 1473 (9th Cir.) (holding that a district court properly revisited a matter decided on appeal because "new evidence warranted reconsideration of the question by the district court on remand"), *cert. denied,* —— U.S. ——, 117 S.Ct. 175, 136 L.Ed.2d 116 (1996); *cf. Cardwell v. Kurtz,* 765 F.2d 776, 778 (9th Cir. 1985) (holding that the district court properly declined to revisit a matter decided on appeal because the litigants had presented no new evidence on remand).

■ The Court finds that it can revisit the Ninth Circuit's holding. Although Plaintiff alleged in her original Complaint that the attack occurred at 1:30 a.m., the evidence for that proposition did not come to light until Plaintiff's deposition, which occurred after the Ninth Circuit remanded the case. When the Ninth Circuit rendered its decision, it apparently had no evidence before it that the attack had occurred at 1:30 a.m.

Plaintiff argues, however, that the Ninth Circuit implicitly addressed this issue. Plaintiff argues that the Ninth Circuit noted that the Hong Kong incident occurred on February 25, 1993, and that Plaintiff filed her Complaint on February 25, 1994. Plaintiff argues that the Ninth Circuit must have known of the time-zone difference. Thus, Plaintiff argues, the Ninth Circuit implicitly decided that the time-zone difference has no legal effect.

The Court disagrees. The Ninth Circuit did not implicitly decide an issue that the parties never argued and on which they never presented evidence. The issue only came to light because of Plaintiff's deposition after remand. In this circumstance, the law-of-the-case doctrine does not prohibit the Court from considering whether Plaintiff timely filed her original Complaint.

### b. Whether The Time Difference Means That Plaintiff Did Not Timely File Her Original Complaint

■ The Court next must determine whether the time-zone difference means that Plaintiff did not timely file her original Complaint. The parties have not cited, nor has the Court's independent research revealed, any federal or state case that discusses the effect of time zones on the deadline to file a case. Despite this dearth of authority, the Court concludes that time zones matter, and that Plaintiff filed her case too late.

Because the Hong Kong incident occurred at 1:30 a.m. on February 25, 1993, Plaintiff could have filed her suit on February 24, 1993: Plaintiff could have immediately telephoned a lawyer in California, and instructed the lawyer to file the case. If the Court held that Plaintiff permissibly filed her case on February *25,* 1994, then the Court would be holding that Plaintiff had a year *and a day* to file her case. This seems odd in light of the explicit limitations period of "one year." It also seems unfair to Defendant, who is entitled "to rely upon [the expiration of the limitations period] in conducting his affairs." *Singer Co. v. County of Kings,* 46 Cal.App.3d 852, 866, 121 Cal.Rptr. 398 (1975).

Moreover, holding that time zones do not matter could harm plaintiffs in certain cases. Consider the following example: A husband and wife, both residents of New York, visit California on February 24, 1993. At 10:00 p.m. that night, the husband attacks his wife. At the moment of the attack, the clock in Times Square reads 1:00 a.m. on February 25, 1993.

If the wife wished to sue when they returned to New York, and time zones do not matter, then she would have to sue by February 24, 1994 in New York.[1] This would reduce the limitations period to one day *less* than a year. This would deprive her of her full statutory right, merely because she had the misfortune of being attacked in California instead of New York. This would be an inequitable result indeed.

Holding that time zones matter avoids these difficulties. All plaintiffs would know that they have exactly one year within which to file their claims (assuming that a one-year limitations period applies), regardless of where the wrongs occurred. This approach provides a bright-line test and gives an accurate meaning to the concept of "a year."

1. This example assumes that New York has a one-year statute of limitations.

This approach also gives effect to the intent of the nations of the world. On October 22, 1884, delegates of twenty-three nations convened in Washington, D.C. for the International Meridian Conference. By a vote of twenty-two to one, the delegates adopted twenty-four time zones and Greenwich Mean Time as a uniform method of reckoning time throughout the world. *See* Brendan McWilliams, *A Line of Consequence,* Irish Times, Aug. 24, 1996, at 2; Joel Achenbach, *Why that John Doe is Such a Suspect Guy,* News & Observer, June 9, 1995, at D3.[2] The result is that it can be February 25 in one part of the world and February 24 in another.

If the Court held that time zones do not matter, then the Court would be holding that, for statute-of-limitations purposes, if the clock strikes midnight in Hong Kong it also strikes midnight in San Diego, even though it does not. This would throw a monkey wrench into the scheme that emerged from the International Meridian Conference, and that has served the world well ever since.

Accordingly, the Court holds that because the attack occurred in Hong Kong at 1:30 a.m. on February 25, 1993, Plaintiff should have filed her original Complaint in San Diego by February 24, 1994. Plaintiff therefore did not timely file her original Complaint under then-existing law.

### 3. Whether The First Amended Complaint Relates Back To The Filing Of The Original Complaint

Defendant next argues that the First Amended Complaint, which alleges an assault in July 1993, does not relate back to the filing of the original Complaint. Defendant advances two arguments in this regard.

■ First, Defendant argues that because the First Amended Complaint alleges more incidents of violence than the original Complaint alleged, it cannot relate back. Whatever merit this argument may have, the Ninth Circuit's opinion forecloses it. The Ninth Circuit explicitly recognized that the First Amended Complaint alleges new incidents, and nevertheless held that the First Amended Complaint relates back to the filing of the original Complaint. No new evidence exists on this issue. Accordingly, the Court cannot second-guess the Ninth Circuit.

■ Second, Defendant argues that because Plaintiff did not timely file her original Complaint, the First Amended Complaint does not relate back. In other words, Defendant argues that because the original Complaint was dead on arrival, the relation-back doctrine cannot save the First Amended Complaint.

Although the Court has discovered legions of cases that have held that an amended complaint filed beyond the limitations period can survive by relating back to a *timely* complaint, the Court has uncovered no case with facts similar to those of the case at bar. Guidance can be found, however, from two sources.

First, the Ninth Circuit's opinion suggested that the First Amended Complaint would not have related back to the filing of the original Complaint if Plaintiff had not timely filed her original Complaint. The Ninth Circuit stated:

> [Plaintiff's] First Amended Complaint relates back to the date of filing of the original complaint for purposes of compliance with the statute of limitations. The original Complaint was filed on February 25, 1994, alleging an incident of domestic violence on February 25, 1993. This complaint was timely pursuant to then existing law, which prescribed a one-year statute of limitations.

*Papenthien,* 120 F.3d at 1027. This language implies that the reason Plaintiff's First Amended Complaint was able to relate back was because she timely filed her original Complaint.

The second source that provides guidance is common sense. It strains reason to argue

---

2. The decision to adopt Greenwich Mean Time did not sit well with the French, who alone dissented. The French refused to recognize Greenwich Mean Time until 1911. Even then, the French hesitated to refer directly to Greenwich Mean Time, preferring the locution, "Paris mean time retarded by nine minutes, twenty-one seconds." *See Booknotes* (National Cable Satellite Corp. Broadcast, July 26, 1998) (interview of Richard Holbrooke).

that one untimely complaint can be saved by relating back to another untimely complaint. Stated otherwise, it simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint. *Cf.* 3 B.E. Witkin, *California Procedure* § 665 (4th ed.1996) (stating that "[a] badly conceived complaint, filed just before expiration of the period, may end in disaster: ... the first abortive action normally does not toll the statute on a second action"). It makes much more sense to hold that the First Amended Complaint must stand on its own.

Accordingly, because the Court holds that Plaintiff did not timely file her original Complaint, the Court holds that the First Amended Complaint does not relate back to the filing of the original Complaint. Because Plaintiff filed her First Amended Complaint in November 1994, and it alleged that the most recent assault occurred in July 1993, Plaintiff filed it several months late under then-existing law.

### 4. Whether Then–Existing Law Applies

■ The question remains whether then-existing law applies. For the final step of his argument, Defendant argues that it does apply.

In light of the Court's rulings above, the Court agrees with Defendant. The Ninth Circuit held that "California law permits the legislative enlargement of a limitation period to cases, like this one, *that have been timely filed.*" *Id.* (emphasis added). The Ninth Circuit specifically stated that: " 'Such legislation ... is applicable to matters not already barred....' " *Papenthien,* 120 F.3d at 1027 (quoting *Singer,* 46 Cal.App.3d at 866, 121 Cal.Rptr. 398).

The Ninth Circuit's reliance on *Singer* reveals that the Ninth Circuit held that an expansion of the limitations period does not apply to an existing action if the existing action was time-barred at the moment it was filed. *Singer* expressly so held.[3] *See Singer,* 46 Cal.App.3d at 866, 121 Cal.Rptr. 398.

Thus, the touchstone for the Ninth Circuit's holding that the three-year limitations period applied was its belief that Plaintiff timely filed her complaints under then-existing law. Because the Court has now found that Plaintiff did not timely file her complaints, the Court now holds that the three-year limitations period does not apply.

To summarize, the Court holds as follows: First, new evidence permits the Court to revisit whether Plaintiff timely filed her original Complaint. Second, because of the time-zone difference, Plaintiff did not timely file her original Complaint under then-existing law. Third, because she did not timely file her original Complaint, the relation-back doctrine cannot save the First Amended Complaint. Fourth, Plaintiff did not timely file her First Amended Complaint under then-existing law. Fifth, the one-year limitations period applies, rather than the newly-enacted three-year limitations period. And finally, Plaintiff's action is time-barred, and the Court must grant Defendant's motion.

### IV. Conclusion

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment.[4]

IT IS SO ORDERED:

■

---

**3.** California law is not completely consistent on this point. *See Nelson v. Flintkote Co.,* 172 Cal. App.3d 727, 732–33 & n. 7, 218 Cal.Rptr. 562 (1985) (criticizing *Singer* and suggesting that an enlargement of the limitations period applies to all pending cases, even those time-barred from the outset); *see also* 3 B.E. Witkin, *California Procedure* § 434 (4th ed.1996) (discussing the conflict in California law). The Ninth Circuit cited *Nelson,* but for a different proposition.

**4.** The Court must resolve several collateral matters the parties have raised. First, each party's request for sanctions is denied without prejudice. If either party wishes to bring such a motion, that party must file it in accordance with the local rules. Second, Plaintiff's request that the Court take judicial notice of the Complaint and First Amended Complaint is granted. Third, Plaintiff's objection to Defendant's exhibits A and 1C is overruled as moot; the parties' stipulation

obviates the need to consider the exhibits. Fourth, Plaintiff's objection to Defendant's exhibits B and 2B (maps of time zones) is sustained; Defendant did not authenticate the exhibits. Nevertheless, the Court takes judicial notice of the world's time zones. Fifth, Plaintiff's objection to "inadmissible assertions of fact set forth in Defendant's legal memoranda" is overruled as moot; the parties' stipulation obviates the need to consider the assertions.