[Civ. No. 52693. Second Dist., Div. Five. Jan. 24, 1979.]

WAYMOND WEDDING, Plaintiff and Appellant, v.
THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Defendant and Respondent.

COUNSEL

Oliver, Stoever & Laskin, Richard Laskin and Ronald J. Einboden for Plaintiff and Appellant.

Harry S. Fenton, Joseph A. Montoya, Robert L. Meyer, Hugh R. Williams and Robert V. Cohune for Defendant and Respondent.

OPINION

**STEPHENS, J.**—This appeal is from an adverse judgment in an inverse condemnation action.

We adopt the "Factual Statement" as set forth in appellant's brief:

"In the latter part of 1968, Appellant was the owner of a parcel of property fronting on Noble Avenue in the San Fernando Valley identified as Lot 10, Tract 15055. During that time Respondent was in the process of acquiring rights of way for the Route 118 Freeway (Simi Freeway). Lot 11, which adjoins Lot 10 to the south and also fronts on Noble Avenue was acquired by Appellant from Respondent as part of a 'package deal' whereby Appellant was required to convey to Respondent certain property interests in Lot 10 to form a cul-de-sac necessitated by the closure of Noble Avenue. Appellant acquired Lot 11 from Respondent pursuant to a Right of Way Contract dated January 9, 1969, the deed therefor being recorded April 30, 1970 and received by Appellant May 18, 1970.

"In January of 1970, Appellant moved a previously acquired home onto Lot 11 under a relocation permit issued to him by the City of Los

Angeles. At that time there was a driveway ramp to Lot 11. Commencing on January 29 and continuing intermittently through February 19, 1970 Respondents engaged in construction, including forming, reinforcing steel and concrete for a storm drain. In March of 1970, Respondents formed and poured concrete for the sidewalk culvert extending across the frontage of Lot 11. The final concrete deck was placed on April 6 and 7, 1970. On March 26, 1970 Respondent's engineer advised Appellant that driveway access would not be provided to Lot 11 and similar information was discussed on April 1, 1970, in consultation with the city engineer's staff. On April 13, 1970, the City of Los Angeles withdrew its relocation permit for lack of access to Lot 11. The City, however, granted Appellant until May 14, 1970 to file a revised plot plan showing how physical access would be provided. Appellant was unable to provide alternate physical access. The court found that completion of construction by Respondent, as it affected Lot 11 occurred on April 20, 1970.

"However, Respondent caused additional work to be accomplished in the area as late as May 15, 1970, when the curb and gutter was torn up and reconstructed, and May 19, 1970, when street clean-up operations occurred and May 20, 1970 when approximately 79 lineal feet of curb and gutter was constructed, and on June 4 and June 5, 1970 when the sidewalk was formed and poured and continuing up through June 15, 1970 when the streets were topped. The testimony of Respondent's witnesses concerning these latter dates was stricken by the court over Appellant's objection."

The date of taking was the prime issue at trial and the finding was, in effect, that the damage to Lot 11 was complete on April 20, 1970. Appellant did not file his claim until either May 12 or May 18, 1971. By its conclusion of law, the court said: "[Appellant] failed to file a claim with the Board of Control within one year of accrual as required by Government Code Sections 911.2 and 901, 905.2, and 945.4."

Appellant argues that a 1976 amendment to Government Code section 905.2 and the addition of section 905.1 negates the requirement that a claim be filed for the damaging or taking of property and that the amendment is applicable to a case such as this, which is tried on or after

January 1, 1977.[1] Appellant also argues that in the event a claim is required, one was timely filed by him.[2]

In support of these arguments, appellant cites *City of Los Angeles* v. *Superior Court (Northrop)* (1977) 73 Cal.App.3d 509 [142 Cal.Rptr. 292]. The state argues not only that *Northrop* is bad law but that it is distinguishable. In that case there had been no determination of the date of accrual of the action, i.e., determining whether a claim had been filed within one year of the action's accrual. The court held that the amendment to the Government Code abolished the need for filing a claim and therefore no statute of limitations had run.

In the instant case, the trial had not been held before the effective date of the amendments. If *Northrop* is correct (it was decided three months after the court decided this case), then there may have existed, at time of trial, no need to establish a claim and we must reverse.

A chronological statement of pertinent events at this point aids analysis:

| | |
|---|---|
| Construction of sidewalk culvert across frontage of Lot 11 | January 29, 1970 continuously through March 25, 1970. |
| Respondent's field engineer personally advised Appellant Lot 11 would have no direct street access. | March 26, 1970 |
| City Engineer's staff advised Appellant that access to Lot 11 not be provided | April 1, 1970 |
| Appellant declined to provide access across his adjoining Lot 10 | Early April, 1970 |

[1]As stated in appellant's brief, the "trial memorandum makes reference to the amendment to Government Code Section 905.2, this reference was to the deletion of Government Code Section 905.2(c)(3) (1976 Stats. Ch. 96). At the same time, Government Code Section 905.1 was added abolishing the claim requirement for inverse condemnation actions."

[2]A resolution of the former contention in appellant's favor makes discussion of this latter argument unnecessary.

| | |
|---|---|
| Final concrete work on sidewalk culvert | April 6 and 7, 1970 |
| City withdraws relocation permit | April 13, 1970 |
| Work completed insofar as it affected Lot 11 | April 20, 1970 |

As of this time, April 20, 1970, sections 911.2, 901, 905.2 and 945.4, of the Government Code required that a claim be filed within one year of the taking. Appellant filed his claim May 12, 1971, more than one year after knowledge of the taking was mandated (at the latest April 20, 1970). Under existing law (pre-1977) plaintiff had no right of recovery when he filed his claim. This was the decision of the trial court on June 22, 1977.

On January 1, 1977, section 905.1 of the Government Code became effective: It provides: "No claim is required to be filed to maintain an action against a public entity for taking of, or damage to, private property pursuant to Section 19 of Article I of the California Constitution."

This section nullified the need for filing a claim with the taking public entity. The issue then is clear: Is the section "retroactive"? *City of Los Angeles* v. *Superior Court (Northrop), supra,* 73 Cal.App.3d 509, 512-513, holds:

"The time within which a claim must be presented to or filed with a public entity constitutes a period of limitations like those periods prescribed by statute within which various types of actions must be filed. [Citations.] A statute enlarging a period of limitations applies to pending matters where not otherwise expressly excepted. [Citations.] A statute eliminating a period of limitations, such as section 905.1, by doing away with the procedure to which the period applies should likewise apply to pending matters where not otherwise expressly excepted and we so hold.

"The city challenges the applicability of the foregoing decisional law on the ground that this principle applies only to 'matters not already barred' [citations] and that this matter was so barred long before the remedial and procedural statute at issue, the aforementioned Government Code section 905.1, took effect on January 1, 1977. [Citations.] We do not agree that this action, then pending, was so barred." (Fns. omitted.)

■ Likewise, it has been held that "[a] statute affecting procedure or providing a new remedy for the enforcement of existing rights is properly applicable to actions pending when the statute becomes effective. [Citations.]" (*Church* v. *County of Humboldt* (1967) 248 Cal.App.2d 855, 857 [57 Cal.Rptr. 79].) Clearly, the enactment of section 905.1, Government Code, affects procedure by eliminating the claim requirement in inverse condemnation cases. And, as noted in *Northrop, supra,* in footnote 7, page 513: "The difficulty of determining the date of taking in inverse condemnation cases was one of the reasons the proponents of section 905.1 gave in urging the elimination of the claim requirement in such cases. (See Statement of Reasons, 1974 Conf. Res. No. 12-1, State Bar of Cal.)" It was this very issue, the date of the taking, to which appellant sought determination by filing his action in the superior court. Since a final resolution of that issue was pending at the time that the claim requirement was eliminated, such procedural change is applicable to appellant's suit.

Therefore, following *Northrop,* the judgment is reversed.

Kaus, P. J., and Ashby, J., concurred.