172 Cal.App.3d 727 (1985)
218 Cal. Rptr. 562
ANDREW N. NELSON, Plaintiff and Appellant,
v.
FLINTKOTE COMPANY et al., Defendants and Respondents.
Docket No. B007113.
Court of Appeals of California, Second District, Division Seven.
September 26, 1985.
*729 COUNSEL
Rose, Klein & Marias and David A. Rosen for Plaintiff and Appellant.
La Follette, Johnson, Schroeter & De Haas, David H. Loomis, Chase, Rotchford, Drukker & Bogust, Richard S. Kemalyan, Christopher B. Townsley, Joseph Bogan, Craig D. Nelson, Morgan, Wenzel & McNicholas, David E. Campana, Adams, Duque & Hazeltine, Catherine Hunt Ruddy, Richard C. Field, Stearns & Nelson, Rolf F. Teuber, Norby & Brodeur, Patrick M. Kilker, Alfred G. Lucky, Jr., Schell & Delamer, Fred B. Belanger, Kenneth B. Prindle, Paul, Hastings, Janofsky & Walker, Alan K. Steinbrecher, Pamela M. Woods, Coyle, Marrone & Robinson, Ronald D. Wilton, Yusim, Stein & Hanger, Andrew D. Stein and Sandra Calin for Defendants and Respondents.
OPINION
THOMPSON, J.
Plaintiff Andrew Nelson, a victim of the progressive disease of asbestosis, appeals from an order of dismissal following the sustaining *730 of a demurrer without leave to amend to his second amended complaint for damages against defendant manufacturers of asbestos materials.
In this case we determine that Code of Civil Procedure section 340.2,[1] the special limitations statute for asbestos-related injuries, rather than section 340, subdivision (3), the general one-year tort limitations statute, properly applies to an asbestosis complaint filed after section 340.2's effective date by a plaintiff who is not yet disabled but received an informed diagnosis of asbestosis more than one year before section 340.2's enactment. We hold that section 340.2 properly applies to asbestosis victims, such as Nelson, whose complaints had not been adjudicated prior to its effective date. We, therefore, will reverse.
(1) The allegations of the complaint which, on demurrer, are accepted as true establish that plaintiff was exposed to asbestos fibers and dust in his employment as a boiler inspector and operator from 1949 through 1956, and from 1963 to the present. In September 1976, a medical doctor informed plaintiff that he had suffered damage to his lungs and contracted the disease of asbestosis as a result of this exposure to asbestos. Notwithstanding the onset of this disease, plaintiff has continued working.
In 1979, the Legislature enacted section 340.2, a special statute of limitations governing asbestosis which provides that the one-year limitation period only commences to run after both disability and discovery. Section 340.2 (Stats. 1979, ch. 513, § 1, pp. 1689-1690) provides in pertinent part as follows: "(a) In any civil action for injury or illness based upon exposure to asbestos, the time for the commencement of the action shall be the later of the following: [¶] (1) Within one year after the date the plaintiff first suffered disability. [¶] (2) Within one year after the date the plaintiff either knew, or through the exercise of reasonable diligence should have known, that such disability was caused or contributed to by such exposure. [¶] (b) `Disability' as used in subdivision (a) means the loss of time from work as a result of such exposure which precludes the performance of the employee's regular occupation."
Section 2 of chapter 513 provides: "The provisions of this act shall apply to those causes of action which accrued prior to the change in the law made by this act and have not otherwise been extinguished by operation of law."
Before the 1979 enactment of section 340.2, causes of action such as the one herein were governed by the general one-year tort statute of limitations set forth in section 340, subdivision (3), and the limitations period commenced *731 at the time of the wrongful act. Then, in 1979, after the enactment of section 340.2, but prior to its effective date, Velasquez v. Fibreboard Paper Products Corp. (1979) 97 Cal. App.3d 881 [159 Cal. Rptr. 113], adopted a discovery rule. Velasquez held that negligence and strict liability claims for asbestos-caused injury accrued for purposes of section 340, subdivision (3), when the plaintiff knew or should have discovered "that he was suffering from a disease that had caused or was likely to cause him injury for which relief could be sought at law." (97 Cal. App.3d at p. 888.)
On May 4, 1981, plaintiff filed his original complaint for damages for injuries arising from his work-related exposure to asbestos. Defendants herein demurred on the ground that the applicable statute of limitations was section 340, subdivision (3), and therefore plaintiff's causes of action were time-barred because his complaint was filed more than one year after receiving an "informed diagnosis" of his asbestos-related disease. Plaintiff argued that the new statute, section 340.2, applied and therefore his complaint was timely because it was filed prior to his becoming disabled from work as a result of the exposure to asbestos. The court rejected plaintiff's claim and sustained a demurrer without leave to amend to plaintiff's second amended complaint. This appeal followed the order of dismissal of the defendants herein.

DISCUSSION

Section 340.2 Properly Applies
(2) The trial court erred in dismissing the complaint. Plaintiff's complaint was timely filed because section 340.2, not section 340, subdivision (3), properly applies to his causes of action.
Defendants' arguments to the contrary are based upon the mistaken premise that plaintiff's causes of action were automatically "extinguished by operation of law" in September 1977 since he had received an informed diagnosis as of September 1976. They contend the Legislature did not intend "retroactive" application of section 340.2 to plaintiffs, such as Nelson, who had discovered they had asbestosis more than one year before the effective date of the new statute. They further argue that such application would constitute an impermissible retroactive revival of a barred cause of action in violation of their vested right of immunity from liability.
Defendants' interpretation of the language of the enacting statute and the legislative intent have been rejected in Puckett v. Johns-Manville Corp. (1985) 169 Cal. App.3d 1010 [215 Cal. Rptr. 726], and Blakey v. Superior Court (1984) 153 Cal. App.3d 101 [200 Cal. Rptr. 52], the only two appellate *732 decisions construing section 340.2. Both concluded, as do we, that asbestosis plaintiffs, whose claims were not adjudicated prior to the effective date of section 340.2 (January 1, 1980), are not subject to section 340, subdivision (3). Instead, they are entitled to the benefits conferred by the new remedial special statute of limitations regardless of when they received an informed diagnosis.
(3) As Puckett pointed out: "Both language in the enactment and the remarks of the author of the legislation support the conclusions that the Legislature intended the special statute to be remedial in purpose, subject not only to liberal construction but to retroactive application in a manner which would encompass the causes of action of as many victims of asbestosis as possible." (169 Cal. App.3d at pp. 1015-1016.)
(4) In order for an asbestos claim to have been "`extinguished by operation of law,'" a court must have adjudicated the matter. (Id., at p. 1016; Blakey v. Superior Court, supra, 153 Cal. App.3d at p. 106; see also City of Los Angeles v. Superior Court (1977) 73 Cal. App.3d 509, 512-514 [142 Cal. Rptr. 292]; Wedding v. People ex rel. Dept. of Transportation (1979) 88 Cal. App.3d 719 [152 Cal. Rptr. 181].) There is no automatic magical extinguishment of a cause of action by the mere passage of time. A statute of limitations is an affirmative defense which must be pleaded by a defendant and ruled on by a court. Where, as here, a court has not adjudicated the timeliness of the action with reference to section 340, subdivision (3), prior to the effective date of section 340.2, the claim is considered still pending or potential and governed by the changed rules for accrual of section 340.2. (Puckett v. Johns-Manville Corp., supra, 169 Cal. App.3d at pp. 1016-1017; Blakey v. Superior Court, supra, 153 Cal. App.3d at p. 106.)
(5) The fact that the limitations period under the discovery rule of section 340, subdivision (3), may have expired before section 340.2's more liberal discovery and disability rule became effective and before any complaint was filed does not bar the action since no disability had occurred. In Puckett, plaintiff's action was not only filed two years after the diagnosis but also eight months before section 340.2 even became effective. Yet the court held that section 340.2 was intended to retroactively apply to this pending filed complaint. A fortiori, if section 340.2 applies to pending actions previously filed, it certainly was intended to apply to actions, such as in the case at bench, which were filed after its effective date.
Since there had been no extinguishment, there is no problem of an impermissible retroactive revival of a barred cause of action impairing defendants' vested rights. Indeed, we note that section 340.2 does not even really involve an extension of the prior statute's one-year period of limitation. *733 Rather, it adopts a different standard for accrual, postponing the commencement of the running of the one-year limitation.
(6) Moreover, a statute of limitations is procedural; it affects the remedy only, not the substantive right or obligation. (3 Witkin, Cal. Procedure (3d ed. 1985) § 308, p. 337.) "Limitations periods represent a public policy about the privilege to litigate; they relate to matters of procedure, not to substantial rights." (Talei v. Pan American World Airways (1982) 132 Cal. App.3d 904, 909 [183 Cal. Rptr. 532].)
Since a statute of limitations for a common law tort, such is at issue here, is a procedural rule, it is not subject to the general rule that statutes should not be retroactive. (See Republic Corp. v. Superior Court (1984) 160 Cal. App.3d 1253, 1257 [207 Cal. Rptr. 241]; 3 Witkin, Cal. Procedure, supra, § 308, p. 338; see also § 330, pp. 359-360; § 332, pp. 361-363.) "A statute which is procedural in nature may be given effect as to pending and future litigation even if the event underlying the cause of action occurred before the statute took effect." (Pacific Coast Medical Enterprises v. Department of Benefit Payments (1983) 140 Cal. App.3d 197, 204 [189 Cal. Rptr. 558].) "`A lawsuit is governed by a change in procedural rules made during its pendency, and the suit is pending until its final determination on appeal.'" (Republic Corp. v. Superior Court, supra, 160 Cal. App.3d at p. 1257; see also § 1049.)
(7) Defendants' claim that by the mere expiration of time they had gained a vested right of immunity from liability which the Legislature could not properly thwart is unpersuasive.[2]
The United States Supreme Court has long held to the contrary. In Chase Securities Corp. v. Donaldson (1945) 325 U.S. 304 [89 L.Ed. 1628, 65 S.Ct. 1137], the court reaffirmed its long established holding in Campbell v. Holt (1885) 115 U.S. 620 [29 L.Ed. 483, 6 S.Ct. 209], that if the lapse of time merely bars a personal claim for damages there is no denial of federal due process in lifting an expired bar and disappointing the hope of *734 this technical defense. (See also 3 Witkin, Cal. Procedure, supra, § 332, at pp. 361-362.)
As the United States Supreme Court explained in Chase: "Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. [Citation.] They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a `fundamental' right.... [T]he history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control. [Fn. omitted.]" (Chase Securities Corp. v. Donaldson, supra, 325 U.S. at pp. 314-315 [89 L.Ed. at pp. 1635-1636]; see also Starks v. S.E. Rykoff & Co. (9th Cir.1982) 673 F.2d 1106, 1109.)
(8) Similarly, as our Supreme Court recently pointed out in Steketee v. Lintz, Williams & Rothberg (1985) 38 Cal.3d 46, 56-57 [210 Cal. Rptr. 781, 694 P.2d 1153]: "The principle is ... well established that `[s]tatutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights....' [Citation.] `Such limitations are obstacles to just claims and the courts may not indulge in a strained construction to apply these statutes to the facts of a particular case....' [Citation.] Finally, there is a `strong public policy that litigation be disposed of on the merits wherever possible.'"
(9) Furthermore, even if we were to interpret application of section 340.2 to the case herein as impairing a vested property right in immunity from suit by reviving an otherwise barred cause of action, such application would not be beyond the Legislature's power. Although California law generally attempts to protect vested property rights against interference from retroactive application of laws, such vested rights are not sacrosanct or immutable. (In re Marriage of Bouquet (1976) 16 Cal.3d 583, 592-593 [128 Cal. Rptr. 427, 546 P.2d 1371]; Addison v. Addison (1965) 62 Cal.2d 558, 566 [43 Cal. Rptr. 97, 399 P.2d 897, 14 A.L.R.3d 391]; Battle v. Kessler (1983) 149 Cal. App.3d 853, 860 [197 Cal. Rptr. 170]; Mueller v. Walker (1985) 167 Cal. App.3d 600, 607-609 [213 Cal. Rptr. 442].) Retroactive legislation, though frequently disfavored, is not absolutely proscribed. (Ibid.) It is justified where, as here, such retroactive application reasonably could be believed necessary to serve the public welfare. (Ibid.)
*735 The state certainly has an interest in protecting innocent asbestosis victims from toxic tortfeasors. Asbestosis may take up to 35 years to develop from first exposure. (See Puckett v. Johns-Manville Corp., supra, 169 Cal. App.3d 1010.) To ameliorate the harsh application of the one-year statute commencing to run upon the wrongful act in cases involving latent occupational diseases, the courts, such as Velasquez v. Fibreboard Paper Products Corp., supra, 97 Cal. App.3d 881, began to apply a "discovery rule" to section 340, subdivision (3). (Blakey v. Superior Court, supra, 153 Cal. App.3d at p. 105.) Meanwhile, with the passage of section 340.2. the Legislature codified a more liberal disability plus discovery rule, providing that the limitation period never commences to run for plaintiffs who know they have suffered injury or illness from asbestos exposure until "disability" has occurred. (Id., at p. 106.)
This delayed accrual rule is more in keeping with the gradually disabling nature of the disease. Since asbestosis is a progressive lung disease, the product of prolonged exposure to asbestos fibers and dust, the disease may be detected before there has been any significant respiratory impairment or resulting partial or total disability. (See 3 Witkin, Cal. Procedure, supra, § 410, p. 440; Blakey, supra, 153 Cal. App.3d at p. 105; Velasquez v. Fibreboard Paper Products Corp., supra, 97 Cal. App.3d at p. 883; Note, Issues in Asbestos Litigation (1983) 34 Hastings L.J. 871, 881.) Principles of fairness and social utility favor application of this remedial statute to plaintiffs such as Nelson. It is for society's as well as the individual's benefit that asbestosis victims should work as long as they are able to do so without placing their rights in jeopardy. (Puckett v. Johns-Manville Corp., supra, 169 Cal. App.3d 1010.) It would make no sense to penalize those victims who may have received an early diagnosis, particularly since there appears to be no evidence of any cure.
Moreover, the traditional justifications for statutes of limitations do not apply here since there is no real problem of loss of witnesses' memories. An asbestos manufacturer's defense necessarily rests on documentary evidence which is typically kept in the course of business. (O'Stricker v. Jim Walter Corp. (1983) 4 Ohio St.3d 84 [447 N.E.2d 727].) Nor can the alleged toxic tortfeasors claim they are entitled to psychological protection from surprise suits when most knew or should have known back in the 1950's of the toxic nature of the materials they were supplying. (Note, The Fairness and Constitutionality of Statutes of Limitations for Toxic Tort Suits (1983) 96 Harv.L.Rev. 1683, 1685.) "This is not a case where [defendants'] conduct would have been different if the present rule had been known and the change foreseen." (Chase Securities Corp. v. Donaldson, supra, 325 U.S. at p. 316 [89 L.Ed. at p. 1636].) Additionally, they could not reasonably have been relying on the "discovery" rule first enunciated in *736 October 1979 in Velasquez v. Fibreboard Paper Products Corp. supra, 97 Cal. App.3d 881, when section 340.2 postponing accrual beyond discovery to disability had been enacted the previous month and became effective only two and one-half months later. Finally, our decision that section 340.2 properly applies herein does not open the door to relitigation of cases already finally decided since the Legislature limited its retroactive application to those cases not yet adjudicated.
Accordingly, the trial court erred in sustaining the demurrer. The order of dismissal is reversed and the case is remanded for further proceedings consistent with the views expressed herein.
Lillie, P.J., and Johnson, J., concurred.
NOTES
[1] Unless otherwise stated, all statutory references are to the Code of Civil Procedure.
[2] Defendants have cited no California Supreme Court cases holding that in a situation involving a statute of limitations for a common law tort, the mere lapse of time renders any legislative extension or enlargement invalid. Chambers v. Gallagher (1918) 177 Cal. 704, is distinguishable since it involved a liability created by statute and, like prescriptive property rights, these have sometimes been deemed substantive, not procedural. The other Supreme Court cases cited are also inapposite. Douglas Aircraft Co. v. Cranston (1962) 58 Cal.2d 462 [24 Cal. Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298], for example, specifically declined to address this issue. And, insofar as Carr v. State of California (1976) 58 Cal. App.3d 139 [129 Cal. Rptr. 730], and Singer Co. v. County of Kings (1975) 46 Cal. App.3d 852 [121 Cal. Rptr. 398], may disagree with City of Los Angeles v. Superior Court, supra, 73 Cal. App.3d 509, and Wedding v. People ex rel. Dept. of Transportation, supra, 88 Cal. App.3d 719, we find the latter Court of Appeal decisions more persuasive.