BROWN, J., Concurring.
I concur with the majority’s ultimate disposition and reluctantly agree with its interpretation of Code of Civil Procedure section 340.2.[1] I, however, write separately because I see no need to disapprove of Darden v. General Motors Corp. (1995) 40 Cal.App.4th 349 [47 Cal.Rptr.2d 580] (Darden), arid its progeny, Barr v. ACandS, Inc. (1997) 57 Cal.App.4th 1038 [67 Cal.Rptr.2d 494] (Barr).
First, Dardén and Barr are distinguishable. In Darden, the plaintiff filed a second lawsuit with the same defendant and virtually the sanie allegations as the first lawsuit he filed almost four years earlier. Consequently, the Court of Appeal held that the plaintiff’s second action was time-barred because the filing of the first action triggered the running of the one-year statute of limitations period. (Darden, supra, 40 Cal.App.4th at p. 356.) Likewise, the Court of Appeal in Barr found the causes of action in the plaintiffs’ second lawsuit time-barred because the plaintiffs had asserted the same causes of action in their initial lawsuits filed several years earlier. (See Barr, supra, 57 Cal.App.4th at pp. 1053-1056.)
Unlike the plaintiffs in Darden and Barr, plaintiff in this case did not allege the same causes of action in his two lawsuits. Plaintiff’s first action sought recovery for asbestosis. In contrast, his second action sought recovery for mesothelioma, a different and unrelated disease caused by asbestos exposure. Thus, the causes of action in the second complaint were separate and distinct from those in the first complaint, and the filing of the first action did not trigger the one-year statute of limitations for the causes of action in the second action.[2] As such, plaintiff’s second lawsuit would not be time-barred under Darden and Barr.
*1151 Second, I believe Darden properly harmonizes sections 312, 340.2 and 350. Section 350 states that the filing of a complaint commences a civil action. Section 312 then explains that a plaintiff can only commence a civil action “within the periods prescribed in this title, after the cause of action shall have accrued.” (Italics added.) Viewed together, these two statutes establish that a plaintiff, by filing a complaint, admits that the causes of action asserted in that complaint have accrued and fall within the applicable limitation period contained in title 2 of the Code of Civil Procedure. In doing so, the plaintiff necessarily admits that the limitation period has started running. Otherwise, the asserted causes of action could not fall within that limitation period.
These admissions, however, arguably conflict with section 340.2, which states that the statute of limitations for asbestos-related illnesses begins to run when the plaintiff suffers a “disability.” Because we must harmonize, potentially conflicting statutes whenever possible (Broughton v. Cigna Healthplans (1999) 21 Cal.4th 1066, 1086 [90 Cal.Rptr.2d 334, 988 P.2d 67]), we should, consistent with Darden, conclude that the one-year limitation period for asbestos-related causes of action is triggered when a plaintiff either (a) suffers a disability as defined in section 340.2 or (b) files a complaint asserting those causes of action. (See Darden, supra, 40 Cal.App.4th at p. 356.)
Such a conclusion comports with the legislative intent behind section 340.2. In enacting section 340.2, the Legislature intended to extend the limitation period for asbestos-related illnesses because these illnesses often develop slowly and become symptomatic long before they become disabling. (See Blakey v. Superior Court (1984) 153 Cal.App.3d 101, 105-106 [200 Cal.Rptr. 52].) The Legislature also wished to encourage individuals afflicted with asbestos-related illnesses to work as long as possible without jeopardizing their right to recovery. (See Nelson v. Flintkote Co. (1985) 172 Cal.App.3d 727, 735 [218 Cal.Rptr. 562] (Nelson).) Making the filing of the complaint an alternative trigger for the one-year limitation period detracts from neither purpose. Individuals suffering from asbestos-related illnesses are only barred from filing serial lawsuits. They still benefit from the delayed *1152 accrual date established by section 340.2 and may work as long as they can without jeopardizing their right to recovery. Because the Legislature—which clearly intended to place some limits on asbestos-related lawsuits—surely did not intend to give plaintiffs indefinite leave to file multiple lawsuits, I believe Darden and Barr were correctly decided.
Of course, Darden would be superfluous if the language of section 340.2 was less cumbersome and confusing. Indeed, the awkward wording of the statute creates several anomalous results. For example, section 340.2 eliminates the statute of limitations for plaintiffs unemployed due to non-asbestos-related reasons but maintains a one-year limitation period for plaintiffs unemployed due to an asbestos-related disability. Not only does such a distinction make little sense, it undermines the very purpose behind the statute by encouraging plaintiffs to quit work before they become disabled so they can prolong their right to sue. (See Nelson, supra, 172 Cal.App.3d at p. 735 [the Legislature, by enacting § 340.2, intended to encourage workers with asbestos-related conditions to work as long as possible].) Moreover, section 340.2, by its terms, bars plaintiffs diagnosed with asbestos-related cancer over one year after becoming disabled due to asbestos exposure from asserting cancer claims. Such a result contravenes the main purpose behind section 340.2—to ameliorate the harsh application of the previous statute of limitations. (See Duty v. Abex (1989) 214 Cal.App.3d 742, 747-748 [263 Cal.Rptr. 13].) In light of these bizarre and, I suspect, unintended results, I urge the Legislature to revisit and revise section 340.2.
Appellant’s petition for a rehearing was denied July 19, 2000. Brown, J., was of the opinion that the petition should be granted.

All further statutory references are to the Code of Civil Procedure.

Most other jurisdictions have reached the same conclusion. (See, e.g., Wilson v. Johns-Manville Sales Corp. (D.C. Cir. 1982) 684 F.2d 111, 120-121 [221 App.D.C. 337] [diagnosis of asbestosis does not trigger the statute of limitations for cancer caused by the same exposure]; Eagle-Picher Industries, Inc. v. Cox (Fla.Dist.Ct.App. 1985) 481 So.2d 517, 520 [same]; VaSalle v. Celotex Corp. (1987) 161 Ill.App.3d 808 [113 Ill.Dec. 699, 515 N.E.2d 684, 687] [same]; Smith v. Bethlehem Steel Corp. (1985) 303 Md. 213 [492 A.2d 1286, 1296] [same]; Larson v. Johns-Manville Sales Corp. (1986) 427 Mich. 327 [399 N.W.2d 1, 9] [same]; Fusaro v. Porter-Hayden Co. (1989) 145 Misc.2d 911, 918 [548 N.Y.S.2d 856, 860] *1151 [same]; Marinari v. Asbestos Corp. (1992) 417 Pa.Super. 440 [612 A.2d 1021, 1028] [same]; Potts v. Celotex Corp. (Tenn. 1990) 796 S.W.2d 678, 685 [same]; Sopha v. Owens-Corning Fiberglas Corp. (1999) 230 Wis.2d 212 [601 N.W.2d 627, 636] [same]; but see Pustejovsky v. Pittsburgh Corning Corp. (Tex.App. 1998) 980 S.W.2d 828, 831-833, review granted on Feb. 25, 1999 [barring cancer claim because diagnosis of asbestosis triggered the running of the limitation period]; Joyce v. A.C. and S., Inc. (4th Cir. 1986) 785 F.2d 1200, 1205 [barring asbestosis claim because diagnosis of pleural thickening triggered the running of the limitation period].)