Filed 6/26/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF
CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CITY OF PASADENA, | B280805 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC596857; JCCP No. 4674) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| SANDRA REYES JAUREGUI et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Steven J.
Kleifield, Judge. Petition granted.

Foley & Mansfeld, Keith M. Ameele, Joseph V. Macha,
M. Amadea Groseclose, Margaret I. Johnson; Office of the

Pasadena City Attorney, Michele Beal Bagneris, City Attorney, and John Nam, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Kazan, McClain, Satterley & Greenwood, Joseph Satterley, Denyse F. Clancy, and Ian A. Rivamonte, for Real Parties in Interest.

_____

**INTRODUCTION**

Under the Government Claims Act (Gov. Code, § 810 et seq.), before commencing an action against a public entity, a plaintiff must present the claim to the entity within six months of "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto." (Gov. Code, § 901.) In the underlying action, real parties in interest Sandra Reyes Jauregui and Mario Reyes Jauregui (the Jaureguis) filed a first amended complaint (FAC), alleging a cause of action against petitioner City of Pasadena (the City) arising from Sandra Jauregui's mesothelioma. The City demurred to the Jaureguis' complaint, arguing that they had failed to comply with the claim presentation requirement of the Government Claims Act by not presenting their claim to the City within six months of the date of Sandra's mesothelioma diagnosis. The Jaureguis opposed the demurrer, arguing that their claim presentation was timely because under the applicable statute of limitations -- Code of

2

Civil Procedure section 340.2 -- their cause of action never accrued.[1]  Thus, they asserted, the six-month claim presentation period never began to run.  The trial court overruled the demurrer, and the City now seeks a writ directing the trial court to sustain the demurrer.

For the reasons set forth below, we conclude that "the date upon which the cause of action would be deemed to have accrued within the meaning of the [applicable] statute of limitations" is the date on which a plaintiff discovers or should reasonably have discovered that she had suffered a compensable injury.  In this case, that date was no later than the date Sandra was diagnosed with mesothelioma.  Because the Jaureguis presented their claim to the City more than 10 months after that date, they failed to comply with the claim presentation requirement.  Accordingly, we grant the petition for writ of mandate.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On October 5, 2015, the Jaureguis filed a complaint for personal injuries and loss of consortium against numerous defendants, but not the City.  The complaint alleged that Sandra was diagnosed with mesothelioma on or about September 25, 2015.  She allegedly developed the disease as a result of exposure to airborne asbestos that her father "was

---

[1]     All further statutory citations are to the Code of Civil Procedure, unless otherwise indicated.

exposed to and thereafter tracked into the family's home and vehicles on his clothing, shoes, person, and personal effects." The complaint also alleged that Sandra's father was a mechanic who worked with asbestos-containing products at various sites, including at "The City of Pasadena from about 1980 to 1987."

A year later, on October 14, 2016, the Jaureguis filed their FAC, adding the City as a defendant. The FAC alleged a single cause of action against the City for dangerous conditions of public property. According to the FAC, Sandra's father worked for the City as a vehicle mechanic and was exposed to asbestos at various vehicle repair facilities owned, controlled or managed by the City. The FAC further alleged that on August 22, 2016, the Jaureguis presented their claim to the City in compliance with the Government Claims Act.[2]

On November 17, 2016, the City demurred to the FAC. It argued that the Jaureguis had failed to allege facts demonstrating or excusing compliance with the claim presentation requirement set forth in Government Code section 911.2, which requires that a claim be presented within six months of the accrual of the cause of action. The City asserted that the Jaureguis' causes of action accrued on

---

[2]     Although the FAC initially asserted Mario's loss-of-consortium claim against the City, the Jaureguis agreed to dismiss that claim. Thus, the only claim against the City at issue is the cause of action based on allegedly dangerous conditions.

4

September 25, 2015, the date when Sandra was diagnosed with mesothelioma. However, the Jaureguis did not present a claim to the City until August 22, 2016, nearly 11 months later. Nor did they file a late-claim application. Accordingly, the City asserted, the Jaureguis failed to comply with the claim presentation requirement and thus, the demurrer should have been sustained without leave to amend.

The City further argued that section 340.2, the applicable statute of limitations for the Jaureguis' cause of action, did not render their claim presentation timely. Although the limitations period did not run because Sandra was never disabled within the meaning of section 340.2, that section "says nothing about the accrual of the cause of action." Accordingly, the City asserted, section 340.2 did not provide an accrual date other than the date of diagnosis.

The Jaureguis opposed the City's demurrer, contending there was no time limit on their claim presentation. They argued: "Sandra's government claim had to be filed within six months of the 'accrual' of her underlying tort causes of action -- a date statutorily *defined* for this purpose as the trigger date for the underlying limitations period." Because that date was never triggered, "Sandra's claims never 'accrued' for purposes of filing a government claim." They further argued that "accrual" has two different meanings -- (1) "'ripeness'" and (2) "'beginning of the limitations period'" -- and "accrual" as used in Government Code section 901 meant the latter.

5

In reply, the City argued that section 340.2 did not equate "accrual" with the commencement of the limitations period. Although section 340.2 altered the limitations period -- the time during which a plaintiff may file a complaint -- it had no impact on when a cause of action accrued. The City also argued that nothing in section 340.2 reflects an intent on the part of the Legislature to modify the claim presentation deadline in the Government Claims Act.

On December 15, 2016, the trial court overruled the demurrer without explanation. However, at the hearing on the demurrer, the court stated its belief that the term "accrual" as used in Government Code section 901 is "not used in the sense of a case being ripe so that somebody can sue." Rather, it is used to mean "when a person must sue or lose their right," i.e., when the limitations period commences.

The City filed its petition on February 21, 2017, seeking an immediate stay of all proceedings and a peremptory writ of mandate directing the trial court to set aside and vacate its order overruling the demurrer and to enter a new order sustaining the demurrer.[3] In response to

---

[3]     Writ review is proper because a "significant legal issue is presented, and the benefits of the claims act defense would be effectively lost if defendant[] [was] forced to go to trial." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747, fn. 4; see also *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1245 ["failure to allege compliance or circumstances excusing compliance with the claim

6

the petition, on March 16, 2017, we issued an order to show cause why the demurrer should not be sustained and an order for a temporary stay entered.  The Juareguis filed their return to the petition on April 14, 2017, and the City filed its reply May 5, 2017.

## DISCUSSION

"Government Code section 905 requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit  is filed." (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 734.)  "Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year.  ([Gov. Code,] § 911.2.)  '[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor

presentation requirement subjects a complaint to a general demurrer for failure to state facts sufficient to constitute a cause of action"].)  We apply the same standard of demurrer review, that is, we review demurrer rulings de novo.  (*City of Stockton v. Superior Court*, at p. 747; accord, *K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1237 ["Our review is de novo."].)

The City also sought a stay of the trial, which had been scheduled for June 12, 2017.  Subsequently, the City filed a letter brief informing this court that the trial court had granted its ex parte application to continue the trial to October 30, 2017.

has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . .' ([Gov. Code,] § 945.4.) 'Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.' [Citation.]" (*Id.* at p. 738.)

"The purpose of the claims statutes is not to prevent surprise, but 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.] It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.' [Citation.] The claims statutes also 'enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future.' [Citations.]" (*City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 738.)

Here, the Jaureguis were obligated to present their claims against petitioner "not later than six months after the accrual of the cause of action." (Gov. Code, § 911.2.)[4] "For the purpose of computing the time limits prescribed by [Government Code section] 911.2 . . . , the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued

---

[4] For purposes of the Government Claims Act, six months means "six calendar months or 182 days, whichever is longer." (*Gonzales v. County of Los Angeles* (1988) 199 Cal.App.3d 601, 604.)

within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon. . . ." (Gov. Code, § 901.) Thus, to calculate the claim presentation deadline, we must determine the date the cause of action accrued under the applicable statute of limitations. (*Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 63 ["The date of accrual for purposes of the claim presentation requirement is the same date on which the cause of action would accrue for purposes of the statute of limitations in an action against a private party."].)

Here, the statute of limitations applicable to the Juareguis' claim is found in section 340.2. That section provides in relevant part:

> "(a) In any civil action for injury or illness based upon exposure to asbestos, the time for the commencement of the action shall be the later of the following:
> "(1) Within one year after the date the plaintiff first suffered disability.
> "(2) Within one year after the date the plaintiff either knew, or through the exercise of reasonable diligence should have known, that such disability was caused or contributed to by such exposure.
> "(b) 'Disability' as used in subdivision (a) means the loss of time from work as a result of such exposure which precludes the performance of the employee's regular occupation." (§ 340.2, subd. (a).)

9

Under section 340.2, "the limitations period does not begin until the asbestos-related injuries cause a permanent termination of the plaintiff's ability to perform his or her job, which actually forces the plaintiff off the job." (*Duty v. Abex Corp.* (1989) 214 Cal.App.3d 742, 750.) For retirees and the unemployed, the limitations period never commences. (*Ibid.*) In the instant matter, the parties agree that Sandra was never disabled within the meaning of section 340.2 and thus, the limitations period on the Juareguis' claim has never begun to run.

Section 340.2 does not use the term "accrued." That term is used in section 312, which is found in the same title of the Code of Civil Procedure as section 340.2. Section 312 provides: "Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued . . . ." Thus, accrual is a prerequisite to the running of the limitation period. (*Barr v. Acands, Inc.* (1997) 57 Cal.App.4th 1038, 1049, overruled in part on other grounds by *Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147 (*Hamilton*).)

Under section 312, a cause of action accrues when "the party owning it is entitled to begin and prosecute an action thereon." (*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596; see also *Collins v. County of Los Angeles* (1966) 241 Cal.App.2d 451, 454 (*Collins*) ["A cause of action accrues at the moment the party who owns it is entitled to bring and prosecute an action thereon."].) "Generally, the right to bring and prosecute an action arises

immediately upon the commission of the wrong claimed . . . ." (*Ibid.*) Stated differently, a "cause of action accrues 'when [it] is complete with all of its elements' — those elements being wrongdoing, harm, and causation." (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797 (*Pooshs*).)

An exception to the general rule regarding the initial accrual of a claim is the discovery rule. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1192 (*Aryeh*).) Under the discovery rule, the accrual of a cause of action is delayed until "the plaintiff 'discovers, or has reason to discover, the cause of action.' [Citation.]" (*Pooshs*, *supra*, 51 Cal.4th at p. 797; see also *Seelenfreund v. Terminix of Northern Cal., Inc.* (1978) 84 Cal.App.3d 133, 136 ["In some situations, . . . a cause of action does not accrue until the aggrieved party discovers, or should discover, the existence of the cause of action."].)[5]

Courts have applied a similar analysis when addressing statutes of limitations applicable to latent diseases such as mesothelioma. In *Buttram v. Owens-*

---

[5] Other doctrines that alter the general accrual rule include: (1) the continuous violation doctrine which treats a series of wrongs or injuries as a single cause of action that accrues upon commission or sufferance of the last of them; and (2) the theory of continuous accrual, which segregates a series of wrongs or injuries into separate causes of action, each accruing on a separate date. (*Aryeh*, *supra*, 55 Cal.4th at p. 1192.)

*Corning Fiberglas Corp.* (1997) 16 Cal.4th 520 (*Buttram*), our Supreme Court noted that "as a general proposition it is settled that a plaintiff's cause of action accrues for purposes of the statute of limitations upon the occurrence of the *last* element essential to the cause of action; that is when the plaintiff is first entitled to sue." (*Id.* at p. 531, fn. 4, citing § 312.) However, the discovery rule applies to delay the accrual of a cause of action for an asbestos-related disease. Thus, the court observed, "for statute of limitations purposes, it is well settled that a cause of action for a latent injury does not accrue until the plaintiff discovers or reasonably should have discovered that he has suffered a compensable injury." (*Id.* at p. 530, citing *Velasquez v. Fibreboard Paper Products Corp.* (1979) 97 Cal.App.3d 881, 887-888.) In *Hamilton*, the court reaffirmed *Buttram*, stating: "[A] cause of action for a latent injury or disease generally accrues, in the sense that it is ripe for suit, when the plaintiff discovers or should reasonably have discovered he has suffered a compensable injury." (*Hamilton, supra,* 22 Cal.4th at p. 1144.)

As the foregoing demonstrates, in the context of statutes of limitations, "accrual" of an action is used in the sense of ripeness. This is also the ordinary and common understanding of the term "accrue." In Webster's Seventh New Collegiate Dictionary (1969) page 6, the first definition of "accrue" is "to come into existence as a legally enforceable

12

claim."[6] Likewise, Black's Law Dictionary defines "accrue" as "To come into existence as an enforceable claim or right; to arise <the plaintiff's cause of action for silicosis did not accrue until the plaintiff knew or had reason to know of the disease>." (Black's Law Dict. (10th ed. 2014).)[7]

In sum, we conclude that as used in Government Code section 901, "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable" is the date on which the cause of action became actionable. In the instant matter, the Jaureguis' cause of action against the City accrued when Sandra discovered or reasonably should have discovered that she had suffered a compensable injury. That date was no later than the date she was diagnosed with mesothelioma, September 25, 2015. However, the Jaureguis did not present their claim to the City until August 22, 2016, more than 10 months after Sandra was diagnosed. Thus, they failed to comply with the six-month claim presentation deadline set forth in Government Code section 911.2.

---

[6] The other definitions are: "to come by way of increase or addition" and "to be periodically accumulated whether as an increase or a decrease." (Webster's 7th New Collegiate Dict., *supra*, at p. 6.)

[7] Black's Law Dictionary has only one other definition of "accrue": "To accumulate periodically; to increase over a period of time <the savings-account interest accrues monthly>."

13

Accordingly, their action against the City is barred, and the City's demurrer should have been sustained.

The Juareguis argue that under Government Code section 901, "accrue" does not mean ripeness. Rather, they contend, it means "commencement of the limitations period." They note that in *Nelson v. Flintkote Co.* (1985) 172 Cal.App.3d 727, the appellate court characterized section 340.2 as a "delayed accrual rule." (*Nelson v. Flintkote Co.*, at p. 735.) We acknowledge that many courts have used "accrue" or "accrual" when referring to the commencement of the running of the statute of limitations. A likely reason for the conflation of the two concepts is that in the vast majority of cases, the date an action accrues is also the date the statute of limitations begins to run. Our Supreme Court has recognized, however, that "the accrual of a cause of action" is distinct from "the beginning of the limitations period." (*Hamilton*, *supra*, 22 Cal.4th at p. 1144.) Thus, in *Hamilton*, the court observed that it would be a "mistake[]" to "equate[] the accrual of a cause of action for asbestos-related injury with the beginning of the limitations period prescribed by section 340.2." (*Ibid.*) The court explained: "Before the enactment of section 340.2, [the] accrual date was also the date of the beginning of the limitations period in cases in which the latent injury or disease arose from exposure to asbestos. [Citation.] But section 340.2 changed that rule, declaring a separate and distinct date for the beginning of the limitations period in asbestos cases, i.e., the date of disability as specially defined in the statute." (*Id.* at pp.

14

1144-1145, italics omitted.)  Notably, the *Hamilton* court never used the term "accrual" when referring to the beginning of the limitations period.  In short, "[a]lthough commentators have referred to [section 340.2] as providing for a 'postponed accrual' date [citation], it is more accurately described as a statute of repose -- a time in the future after which a claimant may not file suit because the claim becomes stale." (*Barr v. Acands, Inc.*, *supra*, 57 Cal.App.4th at p. 1049.)

The Jaureguis' argument that "accrue" means only "commencement of the limitations period" would lead to the anomalous result that they could not bring the instant action.  As noted, under section 340.2, the limitations period begins to run on the date of "disability."  Because Sandra never suffered a "disability," the limitations period has never begun to run, and under the Jaureguis' interpretation their cause of action has not -- and never will -- accrue.  However, under section 312, "without exception," an action may not be filed until the underlying claim "shall have accrued."  Thus, the Jaureguis could never bring a suit for an asbestos-related injury or illness.  Like other courts, we reject such an interpretation.  (See *Barr v. Acands, Inc.*, *supra*, 57 Cal.App.4th at p. 1049 ["If a claim for personal injuries allegedly resulting from asbestos exposure could not accrue until disability occurred, it would lead to the anomalous

15

result that plaintiffs who did not suffer disability as defined by the statute would be forever barred from filing suit."].)[8]

The Jaureguis further argue that interpreting "accrued" to mean when a cause of action is ripe would rewrite Government Code section 901 to excise any reference to statutes of limitations. We disagree. In the context of statutes of limitations, accrual refers to the settled common law accrual rules, including the discovery rule delaying accrual of a cause of action. (See *Aryeh, supra,* 55 Cal.4th at p. 1193 [where statute of limitations uses term "accrued" but provides no definition, we may assume "the Legislature intended the well-settled body of law that has built up around accrual, including the traditional last element rule and its equitable exceptions, to apply fully here"].) In *Buttram*, the court noted that it was "well settled" that "for statute of limitations purposes," a cause of action for a latent injury, such as asbestos-related mesothelioma, does not accrue "until the plaintiff discovers or reasonably should have discovered that [she] has suffered a compensable injury." (*Buttram, supra,* 16 Cal.4th at p. 530; accord, *Hamilton, supra,* 22 Cal.4th at p. 1144.) Thus, construing "accrual" in Government Code section 901 as our Supreme

---

[8]     We note that the Legislature has not acted on Justice Brown's suggestion to revisit and revise the "cumbersome and confusing" language of section 340.2, which has created several "anomalous," "bizarre" and likely unintended results. (See *Hamilton, supra,* 22 Cal.4th at p. 1152 (conc. opn. of Brown, J.).)

16

Court has done "for statute of limitations purposes" is consistent with the statutory language.

Finally, the Jaureguis contend that the intent and purpose of section 340.2 -- "to provide a unique and forgiving limitations period to those suffering from an asbestos-related illness" -- warrants interpreting Government Code section 901 to permit them to present an asbestos-related claim against the City at any time prior to filing their action against the City. However, the intent and purpose animating section 340.2 must be balanced against the intent and purposes animating the Government Claims Act. As noted, the purposes of the Government Claims Act are (1) to provide the public entity with sufficient information to enable it to adequately investigate and settle claims, and (2) to enable the entity to account for potential liabilities and to avoid similar liabilities in the future. (*City of Stockton v. Superior Court, supra*, 42 Cal.4th at p. 738.) "Moreover, the intent of the Government Claims Act is 'not to expand the rights of plaintiffs against government entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances.' [Citation.]" (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991.) An unlimited claim presentation period expanding the rights of plaintiffs against government entities would frustrate the intent and purposes of the Government Claims Act. It could hamper a public entity from taking immediate remedial action -- such as using asbestos-free products -- and impede its fiscal planning. (See *Johnson v. San Diego Unified*

17

*School Dist.* (1990) 217 Cal.App.3d 692, 696-697 ["'claims statute provides an opportunity to the public entity to quickly rectify a dangerous condition and . . . to take the potential claim into account in its fiscal planning'"].)

Moreover, the Juareguis have pointed to nothing in the language or legislative history of section 340.2 to suggest that the Legislature intended, sub silencio, to amend the six-month claim presentation deadline in the Government Claims Act. On this point, we find the 2002 amendment to section 340.1 instructive. In 2002, the Legislature amended section 340.1 by adding, inter alia, subdivision (c) which provides that any claims for damages arising from childhood sex abuse that would otherwise be barred solely because the applicable statute of limitations has or had expired "is revived, and, in that case, a cause of action may be commenced within one year of January 1, 2003." (§ 340.1, subd. (c).) Subsequently, our Supreme Court was asked to determine whether a plaintiff who failed to present a timely claim to a public entity could thereafter bring a claim for childhood sex abuse against the entity under the amended section 340.1. The court concluded the answer was "no." (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 205 (*Shirk*), superseded by statute as stated in *A.M. v. Ventura Unified School Dist.* (2016) 3 Cal.App.5th 1252.) The court observed that section 340.1, subdivision (c) revived only claims barred solely because of the applicable statute of limitations. However, "the government claim presentation deadline is not a statute of limitations." Thus, section 340.1

18

did not revive those claims barred by failure to comply with the claim presentation requirement.  (*Shirk*, *supra*, at p. 213.)

Moreover, as the appellate court in *S.M. v. Los Angeles Unified School Dist*. (2010) 184 Cal.App.4th 712 (*S.M.*) observed, although section 340.1 extended "the time during which a victim of childhood sexual abuse may sue, . . . it [did] not alter the cause of action's accrual date, which is when the molestation occurred subject to any applicable delayed discovery.  [Citation.]  It is the date of accrual that triggers the government tort claim filing requirement, a predicate not addressed by section 340.1."  (*Id*. at p. 721.)

Following *Shirk*, the Legislature enacted Government Code section 905, subdivision (m), adding childhood sex abuse claims "arising out of conduct occurring on or after January 1, 2009" to those claims exempted from the government claim presentation requirement.  (See Gov. Code, § 905 [listing exempted claims].)  Notably, the Legislature did not overrule *Shirk*'s holding for childhood abuse claims arising from conduct occurring prior to 2009.  (See *S.M.*, *supra*, 184 Cal.App.4th at p. 721, fn. 6.)  Nor did the Legislature address the date of accrual for such claims.

Here, in enacting section 340.2, the Legislature extended the limitations period for asbestos-related actions.  It neither exempted those causes of action from the claim presentation requirement nor altered when such actions accrued.  (See *Nelson v. Flintkote Co*., *supra*, 172 Cal.App.3d at p. 730 [noting that prior to enactment of section 340.2,

19

asbestos-related causes of action were "governed by the general one-year tort statute of limitations set forth in section 340, subdivision (3) . . ."].)  Thus, while section 340.2 modified the limitations period for commencing asbestos-related causes of action against both public and nonpublic entities, it did not modify the claim presentation deadline because it did not address the date of accrual for those actions.  That date remains, as set forth in Supreme Court precedent, the date the Jaureguis "discover[ed] or should reasonably have discovered" that Sandra was suffering from mesothelioma.  (*Hamilton, supra*, 22 Cal.4th at p. 1144.)

Lastly, we note our interpretation of Government Code section 901 does not bar an action by a plaintiff who, years after exposure to asbestos, discovers she has suffered a compensable injury.  It requires only that after making such a discovery, she promptly present a claim to the governmental entity she seeks to hold responsible.[9]

---

[9]     We note that pending before the Supreme Court is *Rubenstein v. Doe No. 1* (2016) 245 Cal.App.4th 1037 [2016 Cal.App. LEXIS 211], review granted June 15, 2016, S234269.  During oral arguments before the court, the parties disputed whether the discovery rule would delay the date of accrual of Rubenstein's childhood sex abuse claim and thus render her claim timely under the Government Claims Act.  No such issue is presented here, as the City concedes the Jaureguis are entitled to the benefits of the discovery rule.  More important, our holding incorporates the discovery rule.  Under our holding, the six-month claim presentation deadline for asbestos-related disease is

20

## DISPOSITION

Let a peremptory writ of mandate issue directing that respondent superior court vacate its order overruling petitioner's demurrer, and enter a new order sustaining petitioner's demurrer in its entirety. The order to show cause, having served its purpose, is discharged, and the temporary stay is vacated effective upon the issuance of the remittur. Petitioner is entitled to its costs in this writ proceeding.

**CERTIFIED FOR PUBLICATION.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.

---

calculated from the date of discovery, which in the instant case is no later than the date of diagnosis.

21